Patricia A. **SEARLES** and Wayne Searles, Appellees,

v.

Alberto G. **ESTRADA, M.D.,** Appellant.

Superior Court of Pennsylvania.

Argued March 10, 2004.

Filed July 12, 2004.

Kimberly A. Boyer, Philadelphia, for appellant.

Charles Bruno, Easton, for appellees.

BEFORE: KLEIN, BOWES and POPOVICH, JJ.

OPINION BY POPOVICH, J.:

¶ 1 Alberto G. Estrada, M.D., appeals from the August 7, 2003 order entered in Court of Common Pleas, Northampton County, which denied his petition for change of venue. On appeal, Dr. Estrada contends that the trial court erred when it failed to dismiss the medical professional liability action pursuant to Pa.R.A.P. 1006(a.1) where the cause of action arose in New Jersey.[1] Upon review, we reverse the order and dismiss the complaint.

¶ 2 Patricia A. Searles and Wayne Searles, a married couple (the Searleses), commenced a medical professional liability action against Dr. Estrada in Northampton County, Pennsylvania. The Searleses and Dr. Estrada reside in Northampton County. The surgical procedure from which this medical professional liability action arose occurred at Warren Hospital in Phillipsburg, New Jersey. In their third amended complaint, the Searleses alleged injuries and damages to Ms. Searles resulting from a laparoscopic cholecystectomy procedure preformed by Dr. Estrada on July 26, 2000, during which the Searleses allege that the common bile duct was surgically clipped or stapled.[2] To this third amended complaint, Dr. Estrada filed preliminary objections in the nature of a motion to dismiss for improper venue *nunc pro tunc*. This motion was premised on the amendment to Pennsylvania Rule of Civil Procedure 1006 pertaining to venue in medical professional liability actions. The Searleses filed a preliminary objection challenging the timeliness of Dr. Estrada's preliminary objection.

¶ 3 On March 25, 2003, the trial court heard argument on the preliminary objections of both parties. On August 7, 2003, the trial court found that Dr. Estrada had timely filed his preliminary objection, but it denied the motion to dismiss for improper venue. The trial court also indicated that order involved a controlling question of law as to which there was substantial ground for difference of opinion and an immediate appeal from the order may materially advance the ultimate decision in this matter. Dr. Estrada timely appealed. The trial court did not order him to file a 1925(b) statement.

¶ 4 Dr. Estrada presents the following issue for our review:

Whether the trial court can properly dismiss plaintiff's medical malpractice complaint filed in Northampton County pursuant to the venue rule (Pa.R.Civ.P. 1006(a.1)) pertaining to medical malpractice actions where the cause of action arose in the State of New Jersey?

Appellant's brief, at 4.

¶ 5 Before addressing Dr. Estrada's issue on appeal, we first note that there remains some confusion regarding the concepts of subject matter jurisdiction and venue. In *Commonwealth v. Bethea*, 574 Pa. 100, 828 A.2d 1066 (2003), *cert. den. by Bethea v. Pa.*, —— U.S. ——, 124

1. On October 7, 2003, we granted Dr. Estrada's petition for permission to appeal pursuant to 42 Pa.C.S.A. § 702(b).

2. The Searleses further alleged that on July 29, 2000, Ms. Searles returned to Warren Hospital and complained of right upper quadrant abdominal pain. She was found to be jaundiced and to suffer from an operative injury to her common bile duct. On July 31, 2000, she was transferred to Johns Hopkins University where a percutaneous drainage of he liver was performed. On September 12, 2000, at Johns Hopkins Hospital, surgeons performed a hepaticojejunostomy roux-en-y in an attempt to reconstruct her common bile duct.

S.Ct. 1065, 157 L.Ed.2d 911 (2004), our Supreme Court attempted to clarify this confusion.

Subject matter jurisdiction relates to the competency of a court to hear and decide the type of controversy presented. *McGinley v. Scott*, 401 Pa. 310, 164 A.2d 424 (Pa.1960). Jurisdiction is a matter of substantive law. *Id.* at 428; 42 Pa.C.S. § 931(a) (defining the unlimited original jurisdiction of the courts of common pleas).[ ]

Venue relates to the right of a party to have the controversy brought and heard in a particular judicial district. *McGinley*, 164 A.2d at 427–28. Venue is predominately a procedural matter, generally prescribed by rules of this Court. *Id.* at 429; 42 Pa.C.S. § 931(c). Venue assumes the existence of jurisdiction. 42 Pa.C.S. § 931(b) (referencing rules for change of venue in cases within the jurisdiction of courts of common pleas); Pa.R.Crim.P. 584 (relating to the procedure for a change of venue amongst courts of common pleas for the trial of criminal actions).

Subject matter jurisdiction and venue are distinct. However, since jurisdiction references the power of a court to entertain and adjudicate a matter while venue pertains to the locality most convenient to the proper disposition of a matter, venue can only be proper where jurisdiction already exists. 92A C.J.S., Venue § 2. The terms are often used interchangeably because *they must exist simultaneously in order for a court to properly exercise its power to resolve a particular controversy.*

*Bethea*, at 113–14, 828 A.2d at 1074–75 (emphasis added). With this clarification in mind, we turn our attention to the Dr. Estrada's specific claim.

---

**3.** Our Supreme Court amended Rule 1006 on January 27, 2003, to include subdivision (a.1)

¶ 6 A plaintiff's choice of forum should be "given great weight and a defendant has the burden in asserting a challenge to the plaintiff's choice of venue." *PECO Energy v. Phila. Water Co.*, 802 A.2d 666, 668 (Pa.Super.2002) (citation omitted); *see also Masel v. Glassman*, 456 Pa.Super. 41, 689 A.2d 314, 316 (1997). The proper method of challenging venue in a civil action is by way of preliminary objection. *See PECO Energy*, 802 A.2d at 668. The trial court is vested with discretion in determining whether to grant a preliminary objection to transfer venue, and we shall not overturn a decision to grant or deny absent an abuse of discretion. *See id.*, 802 A.2d at 668. The trial court's determination depends on the facts and circumstances of each case and will not be disturbed if the trial court's decision is reasonable in light of those facts. *See Battuello v. Camelback Ski Corp.*, 409 Pa.Super. 642, 598 A.2d 1027 (1991).

¶ 7 Initially, it is necessary for us to examine the newly amended venue rule regarding medical professional liability cases. Venue for a medical negligence action is found at Pa.R.Civ.P. 1006. Our Supreme Court, which has the sole responsibility for the promulgation of rules regarding venue, adopted the same rules as those the General Assembly promulgated in the MCARE Act.

Except as otherwise provided by subsection (c), a medical professional liability action may be brought against a health care provider for a medical professional liability claim only in a county in which the cause of action arose.

Pa.R.Civ.P. 1006(a.1).[3]

¶ 8 To determine whether a venue was proper in Northampton County, Rule

---

providing that medical professional liability actions shall be brought in the county in

1006(a.1) refers us to the Section 5101.1(c) of the Judicial Code for the definitions of "health care provider," "medical professional liability action," and "medical professional liability claim." A "medical professional liability action" is defined as any action where a medical professional liability claim is asserted. *See* 42 Pa.C.S.A. § 5101.1(c). The definition section defines this operative phrase as follows:

> **"Medical professional liability claim."** Any claim seeking the recovery of damages or loss from a health care provider arising from any tort or breach of contract causing injury or death resulting from the furnishing of health care services which were or should have been provided.

*Id.* Finally, the definition of **"Health care provider"** includes a person licensed to provide medical services as a physician. *See id.*

¶ 9 In the complaint, the Searleses alleged injuries and damages to Ms. Searles as a result of a laparoscopic cholecystectomy procedure preformed by Dr. Estrada. It was not disputed that the Searleses assert a medical professional liability claim against a health care provider. We hold that the instant medical professional liability action is of the type contemplated by newly amended Pa.R.C.P. 1006. Accordingly, Rule 1006(a.1) applies regarding venue. Therefore, for venue to be appropriate in Northampton County, the cause of action must have arisen in Northampton County. *Cf. Connor v. Crozer Keystone Health Sys.*, 832 A.2d 1112, 1117 (Pa.Super.2003) (pursuant to Rule 1006(a.1), venue in medical professional liability action lies only in county in which cause of action arose).

¶ 10 To determine if the cause of action arose in Northampton County, we must look to the facts alleged in the third amended complaint. The Searleses alleged that on July 26, 2000, Ms. Searles came under the professional care, attention, and treatment of Dr. Estrada after she was admitted to Warren Hospital in Phillipsburg, New Jersey. Ms. Searles had a history of epigastric abdominal pain; therefore, Dr. Estrada obtained consent to perform a laparoscopic cholecystectomy. On this same date, Dr. Estrada, with assistance from Dr. H.J. Shin, performed this procedure and repaired an incarcerated umbilical hernia. The physicians noted that Ms. Searles' gallbladder was partially intrahepatic, and they inserted a Jackson-Pratt drain. Ms. Searles was discharged from Warren Hospital.

¶ 11 During this procedure, the Searleses alleged that Dr. Estrada misidentified the common bile duct as the cystic duct. The Searleses alleged that the misidentification led to Dr. Estrada surgically clipping or stapling Ms. Searles' common bile duct causing a complete obstruction of the common bile duct.

¶ 12 The trial court noted that the Rule 1006(a.1) placed venue in medical professional liability actions in the county in which the transaction or occurrence arose. Nothing was furnished to Ms. Searles in Northampton County, Pennsylvania. All of her health care treatment took place at

---

which the cause of action arose. The Supreme Court clarified, by amendatory order on March 5, 2003, that this new amendment applied only to medical professional liability actions filed on or after January 1, 2002. *See In Re: Amendment of Rules of Civil Procedure Governing Venue*, No. 381, Civil Procedural Rules Docket No. 5 (Pa. Mar. 5, 2003). The amendatory rule also indicated that the waiver of defenses and objections shall not apply to a challenge to venue made within ninety days of the March 5, 2003 amendatory order. Inasmuch as the Searleses filed the present action after January 1, 2002, and the waiver and objection rules do not apply, new subdivision (a.1) of Rule 1006 applies in this case.

Warren Hospital in Phillipsburg, New Jersey. The trial court recognized the fact that no cause of action arose in State of New Jersey and that no county in Pennsylvania had venue. However, the trial court continued, "The venue rule, Rule 1006(a.1), does not provide for the dismissal of a claim as a remedy for lack of venue. It simply provides for transfer to another county within the Commonwealth of Pennsylvania." Trial court opinion, 7/30/2003, at 8. We agree with the trial court's finding that the action arose in New Jersey; however, we disagree with the trial court's conclusion that the cause of action cannot be dismissed for lack of venue.

¶ 13 Rule 1006(a.1) states that a medical professional liability action may be brought only in the county in which the cause of action arose. As noted by the trial court, the cause of action did not arise in Northampton County; accordingly, the Searleses' complaint does not belong in Northampton County. Therefore, we find that the trial court erred in failing to sustain the preliminary objection for improper venue.

¶ 14 Our analysis does not end here. Rule 1006(e) of the Pennsylvania Rules of Civil Procedure states:

> Improper venue shall be raised by preliminary objection and if not so raised shall be waived. If a preliminary objection to venue is sustained and there is a county of proper venue in the State the action shall not be dismissed but shall be transferred to the appropriate court of that county. The costs and fees for the transfer and removal of the record shall be paid by the plaintiff.

¶ 15 In this case, Dr. Estrada properly raised his claim of improper venue by preliminary objection, and, as previously held, the trial court erred in failing to sustain this objection. Rule 1006(e) then requires that if a preliminary objection to venue is

sustained and venue is proper in another county in Pennsylvania, that the case not be dismissed but transferred to the appropriate county. However, in the present case, no other county in Pennsylvania has proper venue. We now come to a crossroad: should the trial court dismiss the case for lack of venue, as Dr. Estrada argues, or should the trial court retain venue because the case cannot be transferred to another county in Pennsylvania, as the Searleses argues and the trial court found. Because the rules regarding venue in medical professional liability actions do not specifically contemplate such a scenario, we will examine both paths argued to determine which outcome is proper.

¶ 16 Before this examination, we first note that our objective when construing a rule of civil procedure is to ascertain and effectuate the intent of our Supreme Court. See Pa.R.Civ.P. 127(a). In so doing, we begin with a presumption that the Supreme Court did not intend language to exist as mere surplusage; therefore, "every rule shall be construed, if possible, to give effect to all its provisions. When the words of a rule are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." Pa.R.Civ.P. 127(b). Further, as explained in Rule 127(c):

> [W]hen the words of a rule are not explicit, the intention of the Supreme Court may be ascertained by considering, among other matters (1) the occasion and necessity for the rule; (2) the circumstances under which it was promulgated; (3) the mischief to be remedied; (4) the object to be attained; (5) the prior practice, if any, including other rules and Acts of Assembly upon the same and similar subjects; (6) the consequences of a particular interpretation; (7) the contemporaneous history of the

rule; and (8) the practice followed under the rule.

Pa.R.Civ.P. 127(c).

¶ 17 Now, we will examine the rationale employed by the trial court.[4] The trial court refused Dr. Estrada's request to dismiss the case for lack of venue because Rule 1006(a.1) did not provide that as a remedy. *See* Trial court opinion, 6/30/2003, at 8. The trial court continued that venue and jurisdiction are distinguishable-venue relates to the location where judicial authority *may be exercised,* and jurisdiction relates to the power of the court to adjudicate. *See id.,* at 8–9. It noted that once jurisdiction of a court attaches, it exists until the case is fully and completely decided. *See id.,* at 9. The trial court concluded that because it had subject matter and personal jurisdiction in this case, it had no authority to dismiss the case under Rule 1006. *See id.,* at 9.

■ ¶ 18 Next, we examine Dr. Estrada's argument that dismissal was proper when Rule 1006 is read in its entirety. Rule 1006(a.1) indicates that a medical professional liability action may be brought only in the county in which the cause of action arose, in this case, Phillipsburg, Warren County, New Jersey. Rule 1006(e), which states that the trial court may not dismiss a case when it may be transferred to a county within Pennsylvania. Dr. Estrada argues that Rule 1006(e) permits a trial court to dismiss a case for improper venue if transference was not possible. We agree.

¶ 19 Jurisdiction and venue must exist simultaneously in order for a court to exer-

cise its power properly to adjudicate a particular cause of action. *Bethea,* at 114, 828 A.2d at 1075. The trial court correctly determined that it had jurisdiction in the present action, and it correctly determined that Rule 1006(a.1) requires that medical professional liability actions be brought only in the county in which the action arose, or in the present case, in Warren County, New Jersey, not in Northampton County, Pennsylvania. Because Northampton County did not have venue and venue could not be transferred to another county in Pennsylvania, the trial court determined that it could not dismiss the case because it had jurisdiction. However, the trial court erred in failing to recognize that the Supreme Court established a rule that venue in medical professional liability actions existed *only* in the county in which the cause of action arose. *See* Pa.R.Civ.P. 1006(a.1).

■ ¶ 20 The plain meaning of Rule 1006(a.1) indicates that in Pennsylvania, a medical professional liability action may only be brought in the county in which the cause of action arose. If a party objects to venue and the objection is sustained, then the case will not be dismissed but transferred to the proper county pursuant to Rule 1006(e). However, when a trial court cannot transfer the case, then the only alternative available is dismissal because in order for a court to adjudicate an action, both jurisdiction and venue must exist simultaneously. The Supreme Court implicitly recognized that dismissal was an option when it prohibited a trial court to dismiss a case when transfer was an op-

4. The Searleses argue that the trial court correctly denied Dr. Estrada's preliminary objection because venue was appropriate in Northampton County. The Searleses attempt to demonstrate that Northampton County had venue *via* the fact that it had personal jurisdiction over the parties. However, as noted, application of Rule 1006(a.1) demonstrates that Northampton County does not have venue because the cause of action did not arise there. The Searleses then argue, as the trial court found, that the new venue rule does not permit dismissal of the action.

tion. *See* Pa.R.Civ.P. 1006(e). Accordingly, we find that the venue rules permit a trial court to dismiss a medical professional liability action when the cause of action arose outside of Pennsylvania.

¶ 21 Beyond the plain meaning of the words lies the reasoning behind the new venue rule. The Legislature has clearly stated its intent to change the venue requirements of medical professional liability actions:

> In accordance with section 514(a) of the act of March 20, 2002 (P. L.154, No. 13), known as the Medical Care Availability and Reduction of Error (MCARE) Act, and as a matter of public policy, the General Assembly further declares the need to change the venue requirements for medical professional liability actions.

42 Pa.C.S. § 5101.1(a). Declaration of policy.

¶ 22 The Legislature also stated:

> The General Assembly further recognizes that recent changes in the health care delivery system have necessitated a revamping of the corporate structure for various medical facilities and hospitals across this Commonwealth. This has unduly expanded the reach and scope of existing venue rules. Training of new physicians in many geographic regions has also been severely restricted by the resultant expansion of venue applicability rules. These physicians and health care institutions are essential to maintaining the high quality of health care that our citizens have come to expect.

40 P.S. § 1303.514(a). Declaration of policy.

¶ 23 Our Supreme Court amended Rule 1006 to include a change in the venue rules regarding medical professional liability actions to reflect the same intent as the Legislature. The new venue rule regarding medical professional liability actions was promulgated to prevent forum shopping in such actions. In amending Rule 1006(a.1), our Supreme Court required plaintiffs in medical professional liability actions to file the suit in the county in which the cause of action arose. To permit a plaintiff's medical professional liability action to continue in a county that did not have venue pursuant to Rule 1006(a.1) would be contra to the Legislature and our Supreme Court's intent of requiring adjudication of such cases in the county in which the cause of action arose. Accordingly, we find that the trial court may dismiss a medical professional liability action in which the cause of action arose outside of Pennsylvania.

¶ 24 Because jurisdiction and venue did not exist simultaneously, we find that the Northampton County Court of Common Pleas cannot adjudicate this action.[5] In

5. Analogous case law involving *forum non conveniens* challenges indicate that a trial court may dismiss an action where the trial court has jurisdiction but venue lies outside of Pennsylvania. Section 5322(e), Title 42 provides, "When a tribunal finds that in the interest of substantial justice the matter should be heard in another forum, the tribunal may stay or dismiss the matter in whole or in part on any condition that may be just." In *Cinousis v. Hechinger Dep't Store*, 406 Pa.Super. 500, 594 A.2d 731 (1991), we affirmed a trial court order dismissing a slip and fall case for *forum non conveniens* where the injury occurred in New Jersey. We emphasized that the venue statute permitted a trial court "to refuse to entertain a case even if jurisdictional requirements are met." *Id.*, 594 A.2d at 731. *See also Tyro Industries v. James A. Wood, Inc.*, 418 Pa.Super. 296, 614 A.2d 279 (1992) (Because Pennsylvania courts cannot transfer cases to other states, dismissal is appropriate only when court determines another state offers more appropriate forum.); *Shears v. Rigley*, 424 Pa.Super. 559, 623 A.2d 821 (1993) (Because Pennsylvania courts cannot transfer cases to other states, dismissal based on *forum non conveniens* under Uniform Interstate

.. 

light of these facts, we conclude that the trial court abused its discretion failing to sustain Dr. Estrada's preliminary objection for lack of venue and failing to dismiss the case for lack of venue.

¶ 25 Order reversed. Case dismissed. Jurisdiction relinquished.

and International Procedure Act is the only        permissible result.).