J-A18019-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| SUZETTE BENET, Administrator of the Estate of Gilberto Alvarez, | : : : | PENNSYLVANIA |
| Appellant | : : | |
| v. | : : | |
| LLOYD THOMAS, HAYDN THOMAS AND/OR THE OUTDOORSMAN, INC., | : : : | |
| Appellees | : | No. 1484 MDA 2014 |

Appeal from the Order entered on August 18, 2014
in the Court of Common Pleas of Luzerne County,
Civil Division, No. 14-CV-01427

BEFORE:  FORD ELLIOTT, P.J.E., STABILE and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                **FILED AUGUST 07, 2015**

Suzette Benet ("Benet"), Administrator of the Estate of Gilberto Alvarez ("Alvarez"), appeals from the Order granting the Preliminary Objections filed by Lloyd Thomas ("Lloyd"), Haydn Thomas ("Haydn"), and/or The Outdoorsman, Inc. ("The Outdoorsman") (collectively "the Defendants"), and transferring venue of Benet's action to the Susquehanna County Court of Common Pleas.  We affirm.

Benet's wrongful death/negligence action arises out of a shooting that occurred on February 11, 2012, at 114 Pine Ayre Drive, Hallstead,

Susquehanna County (hereinafter "the Pine Ayre property").[1]  Haydn and Lloyd (father and son, respectively) were the sole shareholders and employees of The Outdoorsman, a Pennsylvania corporation registered in Kingsley, Susquehanna County.  The Outdoorsman was engaged in the business of buying, selling, and trading firearms and accessories with its customers.  The Outdoorsman operated its business out of a small shop attached to a residence situated upon the Pine Ayre property.  Haydn lived in this residence, though he was not at the Pine Ayre property at the time of the shooting.  The Outdoorsman has no other business location.

In February 2012, Benet, a resident of Florida, filed a Complaint against the Defendants in the Luzerne County Court of Common Pleas, on behalf of the Estate of her son, Alvarez.[2]  At the time Benet filed the Complaint, Lloyd's listed address was the Susquehanna County Correctional Facility.  Haydn's listed address remained the Pine Ayre property.

---

[1] As the instant appeal concerns only venue in Benet's action, the facts concerning the shooting are not germane to this appeal.  However, we observe that Lloyd shot and killed Alvarez and his companion, Joshua Rogers ("Rogers"), while Alvarez and Rogers were on the Pine Ayre property.

[2] Around the same time, the Estate of Rogers filed a separate action against the same Defendants in the Lackawanna County Court of Common Pleas, docketed at Civil Action 2012-1464 (hereinafter, "the Lackawanna lawsuit"). **See** Trial Court Opinion, 1/4/14, at 2 (referencing the Lackawanna lawsuit). Concerning the Lackawanna lawsuit, Lloyd alleges in his brief that "the Estate of … Rogers is represented, and has been represented throughout its duration[,] by the same counsel as is now representing the Estate of [] Alvarez herein."  Brief for Lloyd at 2.

In March 2014, the Defendants separately filed Preliminary Objections to Benet's Complaint, alleging, *inter alia*, improper venue in Luzerne County. The Defendants argued that venue must be transferred to Susquehanna County, since (1) the shooting that formed the basis of Benet's claims occurred in Susquehanna County; (2) Lloyd and Haydn personally reside in Susquehanna County; and (3) The Outdoorsman was registered and maintained its sole place of business in Susquehanna County. Attached to the Preliminary Objections was a "Verification" executed by Haydn (hereinafter "the Verification"), stating, *inter alia*, that The Outdoorsman (1) "is a business operated from [the Pine Ayre property] that sells, buys and trades guns and accessories from the [Pine Ayre property]"; (2) "has no business location in Luzerne County and has never done business in Luzerne County"; (3) "appears occasionally at gun shows but has never appeared at a gun show in Luzerne County"; and (4) "does not advertise in Luzerne County and does not solicit customers from Luzerne County." The Verification (Exhibit B to Preliminary Objections of Haydn and The Outdoorsman), 3/18/14, at ¶¶ 2-5.

After a hearing, the trial court entered its August 18, 2014 Order, sustaining the Preliminary Objections as to venue, and ordering that the

case be transferred to the Susquehanna County Court of Common Pleas.[3] Benet timely filed a Notice of Appeal from this Order.

On appeal, Benet presents the following issue for our review: "Whether the trial court erred in transferring venue from a county where a corporation buys 90-95% of its guns[,] and the corporation's business purpose is to buy, sell and trade guns?" Brief for Appellant at 8.

A trial court "is vested with discretion in determining whether to grant a preliminary objection to transfer venue, and we shall not overturn a decision to grant or deny absent an abuse of discretion." **Searles v. Estrada**, 856 A.2d 85, 88 (Pa. Super. 2004).[4] The burden rests on the party challenging the plaintiff's choice of venue to show that it was improper. **Wimble v. Parx Casino & Greenwood Gaming & Entm't, Inc.**, 40 A.3d 174, 177 (Pa. Super. 2012). However, "the presumption in favor of a plaintiff's choice of forum has no application to the question of whether venue is proper in the plaintiff's chosen forum; venue either is or is not proper." **Scarlett v. Mason**, 89 A.3d 1290, 1292 (Pa. Super. 2014).

---

[3] **See** Pa.R.C.P. 1006(e) (providing that "[i]f a preliminary objection to venue is sustained and there is a county of proper venue within the State[,] the action shall not be dismissed but shall be transferred to the appropriate court of that county.").

[4] When ruling on a preliminary objection alleging improper venue, "the court relies on facts raised by deposition or otherwise." **McMillan v. First Nat. Bank of Berwick**, 978 A.2d 370, 373 (Pa. Super. 2009) (citation omitted); **see also** Pa.R.C.P. 1028(c)(2) (providing that "[i]f an issue of fact is raised [in a preliminary objection], the court shall consider evidence by depositions or otherwise.").

"[A] trial court's determination depends on the facts and circumstances of each case and will not be disturbed if the trial court's decision is reasonable in light of those facts." **Searles**, 856 A.2d at 88.

In the instant case, Benet contends that venue is proper in Luzerne county based upon the activities of The Outdoorsman.[5] Venue, with regard to personal actions against Pennsylvania corporations, is governed by Pennsylvania Rule of Civil Procedure 2179(a), which provides that such actions may be brought in and only in

> (1) the county where its registered office or principal place of business is located;
>
> (2) *a county where it regularly conducts business*;
>
> (3) the county where the cause of action arose;
>
> (4) a county where a transaction or occurrence took place out of which the cause of action arose, or
>
> (5) a county where the property or a part of the property which is the subject matter of the action is located[,] provided that equitable relief is sought with respect to the property.

Pa.R.C.P. 2179(a) (emphasis added).

Benet argues that The Outdoorsman regularly conducts business in Luzerne County, and that venue as against all of the Defendants is therefore proper in Luzerne County under Rule 2179(a)(2). Brief for Appellant at 12-16; **see also** Reply Brief for Appellant at 4. Benet cites to **Canter v. American Honda Motor Corp.**, 231 A.2d 140 (Pa. 1967), wherein our

---

[5] Benet does not assert that Lloyd or Haydn provide a basis for venue in Luzerne County.

Supreme Court stated that, where venue depends upon the factor of regularly conducting business, the business engaged in must be sufficient in "quantity" and "quality." *Id.* at 142; *see also* Brief for Appellant at 13-14. The *Canter* Court explained that (1) quality of acts means those directly furthering, or essential to, corporate objects, and do not include incidental acts; and (2) quantity of acts means those which are so continuous and sufficient to be termed general or habitual. *Canter*, 231 A.2d at 142; *see also id.* at 143 (holding that a foreign corporation doing just 1-2% of its total sales in Philadelphia County was sufficient to satisfy this test, such that venue in Philadelphia County was proper).

Benet argues that the quantity component has been satisfied in this case, based upon Haydn's deposition testimony in the Lackawanna lawsuit that The Outdoorsman purchased 90-95% of its firearms from a supplier located in Luzerne County. Brief for Appellant at 14 (citing Deposition of Haydn, 7/1/13, at 96-97). Benet contends that the quality component was also met, relying upon Haydn's statement in the Verification that "The Outdoorsman [] is a business operated from [the Pine Ayre property] **that** sells, **buys** and trades **guns** and accessories from the [Pine Ayre property]." Brief for Appellant at 15 (quoting the Verification (Exhibit B to Preliminary Objections of Haydn and The Outdoorsman), 3/18/14, at ¶ 2) (emphasis added by Benet)). Benet argues that, therefore, "if The Outdoorsman [] is in the business of buying guns[,] and that is its corporate objective[,] then it

would clearly seem that this has met the qualitative prong of the venue analysis[,] when it buys 90% to 95% of its guns from squarely within Luzerne County." Brief for Appellant at 15. Accordingly, Benet contends that "venue according to Rule 2179[(a)(2),] as well as the quality-quantity test[,] is satisfied and venue must remain in Luzerne County." *Id.* at 17.

After review, we agree with the trial court that our Pennsylvania Supreme Court's decision in *Purcell v. Bryn Mawr Hosp.*, 579 A.2d 1282 (Pa. 1990), is applicable and controlling. In that case, the plaintiff filed a negligence action in Philadelphia County arising from events that occurred at Bryn Mawr Hospital, which is located in Montgomery County. *See id.* at 1283. The *Purcell* Court held that the trial court abused its discretion by overruling the defendant's preliminary objections challenging venue, concluding that the plaintiff had not established sufficient quality and quantity of business contacts to establish venue under Pa.R.C.P. 2179(a)(2).[6] *See id.* at 1286-87. Specifically, the Court held that although the hospital purchased goods and services from Philadelphia County businesses, and engaged in several other activities connected to Philadelphia

---

[6] The *Purcell* Court observed that "[s]ubsection (a)(2) provides a theory of transient jurisdiction by counties in which the corporation is present by virtue of its business activities or contacts. In this circumstance, and *provided that the business contacts are more than incidental*, a corporation can be compelled to defend itself." *Purcell*, 579 A.2d at 1284 (emphasis added).

County,[7] such contacts were incidental and not essential to the operation of the hospital, and its corporate object of caring for patients. *See id.* at 1286-87.

Here, the record belies Benet's assertion that "The Outdoorsman [] is in the business of buying guns[,] and *that is its corporate objective* …." Brief for Appellant at 15 (emphasis added). Though Benet is correct that the Outdoorsman is engaged in the business of buying, selling, and trading firearms and accessories with its customers, the record reflects that the corporation does not exist for the sole purpose of purchasing goods/inventory. Moreover, all of The Outdoorsman's sales to, purchases from, or trades with customers of the business occurred at the business location, *i.e.*, the Pine Ayre property in Susquehanna County, or at gun shows, none of which occurred in Luzerne County. The Outdoorsman's purchase of goods in Luzerne County is its only connection with that jurisdiction; we conclude that same is merely incidental to The Outdoorsman's business. *See Purcell, supra*; *see also Kubik v. Route 252, Inc.*, 762 A.2d 1119, 1125 (Pa. Super. 2000) (citing to *Purcell* and stating that "[a]s for [the defendant's] purchase of goods in Philadelphia, we

---

[7] The other contacts included that the hospital (1) had contractual affiliations with teaching hospitals in Philadelphia; (2) recruited medical residents from Philadelphia teaching hospitals; (3) advertised in Philadelphia County; and (4) received a portion of its income from residents of Philadelphia County. *See id.* at 1283-84.

have previously determined that such behavior does not constitute regularly conducted business.").[8]

Because we discern no abuse of discretion or error of law by the trial court in granting the Defendants' Preliminary Objections, and transferring Benet's action to Susquehanna County, we affirm the Order on appeal.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/7/2015

---

[8] We are unpersuaded by Benet's attempts to distinguish **Purcell** from the instant case based upon her assertion that, unlike The Outdoorsman, the hospital in **Purcell** was not "in the business of buying" goods. Reply Brief for Appellant at 6. Neither the hospital in **Purcell** nor The Outdoorsman had a sole corporate objective of buying goods.