J. A06015/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| ELIZABETH PIPE, INDIVIDUALLY AND AS ADMINISTRATRIX FOR THE ESTATE OF JASON PIPE : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant : : | |
| v. : : | |
| WILLIAM C. SHEPHERD, M.D., CARSON THOMPSON, M.D., ROBERT PACKER HOSPITAL, CORNING HOSPITAL T/D/B/A GUTHRIE CORNING DEVELOPMENT HOSPITAL, INC.  GUTHRIE CLINIC LTD T/D/B/A GUTHRIE CLINIC, A PROFESSIONAL CORPORATION T/D/B/A GUTHRIE CLINICS GROUP PRACTICE PARTNERSHIP, LLP : : : : : : : : : : | |
| : | No. 948 MDA 2015 |

Appeal from the Order Entered April 27, 2015
In the Court of Common Pleas of Bradford County
Civil Division No(s).: 11 MM 000285

BEFORE: LAZARUS, J., STABILE ,J., and DUBOW, J.

MEMORANDUM BY DUBOW, J.:          **FILED JUNE 03, 2016**

Appellant, Elizabeth Pipe, individually and as administratrix for the estate of Jason Pipe ("Decedent"), appeals from the Order entered in the Bradford County Court of Common Pleas on April 27, 2015.  The Order sustained the Preliminary Objections regarding improper venue filed by Appellee Corning Hospital, sustained the Preliminary Objections regarding personal jurisdiction filed by Appellee William C. Shepherd, M.D., and dismissed Appellant's claims against Appellees.  We affirm.

We summarize the facts and procedural history of this medical malpractice case as follows. On February 25, 2009, Decedent underwent benign brain tumor surgery at Robert Packer Hospital in Bradford County, Pennsylvania. Decedent reported headaches and hallucinations following the surgery, but the hospital discharged him on March 3, 2009.

Over the next two days, Decedent's symptoms worsened and a physician at Robert Packer Hospital instructed him to report to Appellee Corning Hospital in Corning, New York for a cranial CT scan. Appellee William C. Shepherd, M.D. and other medical support staff cared for Decedent.

Several days later, after Appellee Corning Hospital had discharged Decedent, Decedent's condition worsened; he was delirious, incoherent, and not ambulatory. Decedent presented to the emergency room at Robert Packer Hospital on March 9, 2009, wherein he underwent a spinal tap. Doctors at Robert Packer Hospital diagnosed Decedent with meningitis. Decedent spent almost 11 weeks in Robert Packer Hospital before being released. On February 15, 2010, Decedent died due to complications from meningitis.

On March 4, 2011, Appellant commenced a civil action against five defendants, including Appellees herein, for medical malpractice in the United States District Court for the Middle District of Pennsylvania. With respect to the parties to the instant appeal, Appellant specifically claimed that Appellee

Corning Hospital is vicariously liable as a result of the care provided by its agent Appellee Shepherd. On June 21, 2011, Appellees filed a motion to dismiss the action asserting lack of complete diversity between the parties.

On June 23, 2011, Appellant filed a Notice of Voluntary Dismissal with the federal court. On July 20, 2011, Appellant filed a "Praecipe to Enter a Foreign Judgment," along with the pleadings he filed in federal court, in the Bradford County Court of Common Pleas.

On January 26, 2012, Appellee Shepherd, a doctor who resides in New York and exclusively practices medicine in New York, filed Preliminary Objections alleging that Pennsylvania lacked both general and specific jurisdiction over him and that venue was not proper in Bradford County. On January 30, 2012, Appellee Corning Hospital also filed Preliminary Objections on the basis of improper venue.

On February 16, 2012, defendants Carson Thompson, M.D., Robert Packer Hospital, and Guthrie Clinic, Ltd., and Appellee Corning Hospital filed a Motion to Strike Appellant's Praecipe to Enter Foreign Judgment. Appellant filed a response and the trial court held a hearing on the matter, after which it granted Appellees' motion and struck Appellant's Praecipe to Enter Foreign Judgment on December 14, 2012.

Appellant filed a timely appeal from the trial court's December 14, 2012 Order. On May 7, 2014, this Court reversed the trial court's order, concluding that, although Appellant had incorrectly captioned its pleading

"[P]raecipe to [E]nter [F]oreign [J]udgment" instead of "Complaint," the "sum and substance of the pleading and its practical effect was to transfer the action from federal court to state court." *See Pipe v. Shepherd*, No. 118 MDA 2013 (unpublished memorandum) (filed May 7, 2014). [1]

Following remand, the trial court held a hearing on Appellees' outstanding Preliminary Objections. On April 3, 2015, the trial court sustained Appellees' Preliminary Objections and dismissed Appellant's claims against them. The trial court concluded that Pennsylvania's Long Arm Statute, 42 Pa.C.S. § 5322(a)(4), did not provide a basis for specific jurisdiction over Appellees. Trial Ct. Op., 9/15/15, at 5 (unpaginated). The trial court also determined that the version of Pa.R.C.P. 1006 in effect at the time Appellant filed her Complaint did not establish the basis for venue for a cause of action arising out of state. Consequently, Bradford County was an inappropriate venue for claims against Appellee Corning Hospital.

Appellant filed an Emergency Application for an Express Determination of Finality pursuant to Pa.R.A.P. 341(c),[2] which the trial court granted on April 27, 2015.

---

[1] Henceforth, Appellant's "Praceipe to Enter Foreign Judgment" is treated as a Complaint.

[2] Pa.R.A.P. 341(c) provides in relevant part: "Where more than one claim for relief is presented in an action . . . or where multiple parties are involved, the trial court . . . may enter a final order as to one or more but fewer than all of the claims and parties upon an express determination that an

- 4 -

Appellant filed a timely notice of appeal on May 28, 2015. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant presents the following two issues on appeal:

> 1. Whether the trial court erred when it sustained [Appellee's] Preliminary objection regarding proper venue for [Appellee] Corning Hospital, when this claim was properly transferred from the Middle District of Pennsylvania to the Bradford County Court of Common Pleas pursuant to Pa.R.C.P. 1006(a.1) and 1006(c)(2), applicable on July 20, 2011, and therefore Bradford County is the proper venue for [Appellee] Corning Hospital?

> 2. Whether the trial court erred with it sustained [Appellee's] Preliminary Objection regarding jurisdiction for [Appellee] Shepherd, when the Bradford County Court of Common Pleas has personal jurisdiction over [Appellee] Shepherd because [Appellee] Shepherd is an agent of [Appellee] Corning Hospital, and, by way of the Pennsylvania Long Arm Statute, minimum contacts analysis, and admission of [Appellee] Corning Hospital, the Bradford County Court of Common Pleas has jurisdiction over [Appellee] Corning Hospital and therefore jurisdiction over [Appellee] Shepherd?

Appellant's Brief at 2.

Appellant first claims that the trial court erred in sustaining Appellee Corning Hospital's Preliminary Objections and dismissing Appellant's claims against the hospital. Appellant argues that, under the version of Pa.R.C.P. 1006(a.1) and 1006(c)(2) in effect at the time she filed her Complaint, the

---

immediate appeal would facilitate resolution of the entire case." Pa.R.A.P. 341(c).

Bradford County Court of Common Pleas was the proper venue for an action against Appellee Corning Hospital.[3]

Appellant's issue requires us to interpret and apply the Pennsylvania Rules of Civil Procedure. This raises a question of law. ***Barrick v. Holy Spirit Hosp. of the Sisters of Christian Charity***, 32 A.3d 800, 808 (Pa. Super. 2011). Therefore, "our standard of review is *de novo* and our scope of review is plenary." ***Id.*** (citation omitted).

The version of Pa.R.C.P. 1006(a.1) in effect on July 20, 2011, the day Appellant filed her Complaint in the Bradford County Court of Common Pleas, provided for proper venue of a medical professional liability claim only in the county in which the plaintiff's cause of action arose. ***See*** Pa.R.A.P. 1006(a.1). Rule 1006(c)(1) required that, in a medical professional liability claim seeking to enforce joint and several liability against two or more defendants, the action be brought in any county in which venue was proper against any defendant. ***See*** Pa.R.A.P. 1006(c)(1).

Effective August 1, 2011, 12 days after Appellant commenced her action in Bradford County, Rule 1006 was amended. The Explanatory Comment published at the time of the amendment explained that:

> **Currently a lawsuit based on medical treatment furnished in another state cannot be brought in Pennsylvania** even if the defendants have substantial

---

[3] Both of the subsections of Rule 1006 at issue in the instant matter were amended effective August 1, 2011, 12 days after Appellant filed her Complaint.

> contact with the state whereas Pennsylvania defendants can be sued in any state in which they have at least minimum contacts. **The amendment to this rule would eliminate this discrepancy**.

Pa.R.C.P. 1006 Venue. Change of Venue, Explanatory Comment—2011 (emphasis added). The amended version of Rule 1006 is not applicable in the instant case.

In **Searles v. Estrada**, 856 A.2d 85 (Pa. Super. 2004), this Court considered the same pre-amendment version of Rule 1006 in an analogous circumstance. There, the plaintiffs filed a medical professional liability action in Northampton County against the defendant doctor arising from a surgical procedure that took place in New Jersey. **Id.** at 87, 89. The doctor filed Preliminary Objections in the nature of a Motion to Dismiss for improper venue, pursuant to Pa.R.C.P. 1006(a.1), which the trial court overruled. **Id.** at 87. On appeal, this Court reversed, holding that Northampton County was not the proper venue for a medical professional liability action where the cause of action arose in New Jersey. **Id.** at 92-93. This Court concluded that, "the venue rules permit a trial court to dismiss a medical professional liability action when the cause of action arose outside of Pennsylvania." **Id.** at 92.

In the instant matter, the trial court concluded that "any failure to diagnose and treat by [Appellee] Shepherd [at Appellee Corning Hospital] originated in New York State[]" and thus, Appellant's cause of action against Appellees Corning Hospital and Shepherd arose from "out of state medical

treatment." Trial Court Op. at 5, 7 (unpaginated). Appellant baldly states, however, that her cause of action arose in Bradford County. Appellant's Brief at 10. We disagree with Appellant and agree with the trial court's conclusion that Appellant's cause of action against Appellees Corning Hospital and Shepherd arose in New York.

To determine where Appellant's cause of action arose, we must look to the facts alleged in her Complaint. **Searles**, 856 A.2d 85. In the Complaint, Appellant alleged that on March 5, 2009, Decedent presented to Appellee Corning Hospital in Corning, New York, for a head CT scan. At the time of the head CT scan, Decedent was in such severe pain that he presented to Appellee Corning Hospital's emergency room for treatment. Upon examination, Appellee Shepherd noted that Decedent had had a headache for several days and an elevated temperature. Appellee Shepherd ordered Decedent an injection of Dilaudid, and injection of Phenogram, started him on Percocet, and discharged him with prescriptions for Percocet and Flexeril. Appellant claims that Appellee Shepherd, as an agent of Appellee Corning Hospital, failed to diagnose and treat Decedent's meningitis and negligently discharged Decedent from Appellees Shepherd and Corning Hospital's care. **See** Complaint, 7/20/11, at ¶ 7, 21, 23-24, 26-28, 50-52, 57-58. Appellant does not aver that Appellee Shepherd treated Decedent in Pennsylvania, and does not claim that Appellee Shepherd's actions or omissions took place anywhere other than in New York.

This Court recently considered the situs of a cause of action for purposes of medical professional liability actions in **Mendel v. Williams**, 53 A.3d 810 (Pa. Super. 2012). In **Mendel**, the plaintiff patient alleged in her Complaint, filed in the Philadelphia County Court of Common Pleas, that a New Jersey doctor working in a New Jersey facility failed to timely diagnose and treat her for an infection that arose following back surgery that took place in a Pennsylvania hospital, and that this negligence resulted in her paralysis. *Id.* at 815. The **Mendel** court affirmed the trial court's order dismissing the plaintiff's action against the New Jersey hospital, reasoning that, "the mere fact that [plaintiff's] paralysis was discovered in Pennsylvania, or that it manifested in Pennsylvania, does not necessarily mean it was *caused* in Pennsylvania." *Id.* at 823 (emphasis in original). Further, this Court concluded that any harm resulting from the defendant doctor and hospital's delay in diagnosing and treating the plaintiff began when the plaintiff was a patient in the New Jersey hospital. *Id.* at 823-24. The Court opined, "[t]hat the harm may have continued in Pennsylvania and was ultimately discovered in Pennsylvania does not alter the fact that it originated in New Jersey." *Id.* at 824 (citation omitted).

Informed by the factual averments in Appellant's Complaint and this Court's reasoning in **Mendel, supra**, we conclude Appellant's cause of action against Appellees arose in New York. Reading Rules 1006(a.1) and 1006(c)(1) together, and guided by the Rule's Explanatory Comment, we

- 9 -

further conclude that the trial court did not err in determining that the Bradford County Court of Common Pleas is not the proper venue for Appellant's claims against Appellee Corning Hospital, and in dismissing Appellant's Complaint. ***See Searles,*** 865 A.2d at 92.

Appellant next claims that the trial court erred in sustaining Appellee Shepherd's Preliminary Objections and dismissing Appellant's claims against the doctor. Appellant argues that the Bradford County Court of Common Pleas has jurisdiction over Appellee Shepherd because Appellee Shepherd is an agent of Appellee Corning Hospital over whom the Bradford County Court of Common Pleas has jurisdiction under Pennsylvania's Long Arm Statute, 42 Pa.C.S. § 5322(b), the minimum contacts test,[4] and Appellee Corning Hospital's own admission. Appellant's Brief at 13-16. Specifically, Appellant claims that, because Appellee Corning Hospital did not contest jurisdiction, Appellee Shepherd, as Corning Hospital's agent, is also subject to the jurisdiction of the Pennsylvania courts. ***Id.*** at 15-16.

Appellee Shepherd argues that Appellant's conclusion is flawed because Appellant "improperly inverted the agency relationship to impute

---

[4] To satisfy the Due Process Clause, it must be shown that the defendant has purposefully established minimum contacts with the forum state. "Where a defendant has established no meaningful contacts, ties or relations with the forum, the Due Process Clause prohibits the exercise of personal jurisdiction. However where a defendant has purposefully directed his activities at the residents of the forum, he is presumed to have fair warning that he may be called to suit there." ***Mendel***, 53 A.3d at 817 (citation and quotation omitted).

[Appellee Corning Hospital's minimum] contacts upon [Appellee] Shepherd." Appellee Shepherd's Brief at 4.

When reviewing a trial court's order sustaining preliminary objections challenging personal jurisdiction we will reverse the trial court's decision only where there has been an error of law or abuse of discretion. *Mendel*, 53 A.3d at 816.

We agree with the trial court that Pennsylvania lacks jurisdiction over Appellee Shepherd, albeit on grounds other than that found by the trial court.[5] *See Liberty Mutual Ins. Co. v. Domtar Paper Co.*, 77 A.3d 1282, 1286 (Pa. Super. 2013) ("It is well settled that this Court may affirm the decision of the trial court if it is correct on any grounds.").

Appellant's sole basis for asserting her claim that Appellee Shepherd is subject to Pennsylvania jurisdiction is that Shepherd is an agent of Appellee Corning Hospital, who Appellant avers is itself subject to Pennsylvania jurisdiction based on its minimum contacts with Pennsylvania. However, Appellant fails to cite to any controlling authority to support her claim that, as an employee of Appellee Corning Hospital, Pennsylvania's jurisdiction over Corning Hospital can be imputed to Appellee Shepherd. Accordingly, we find Appellant's argument waived. *See* Pa.R.A.P. 2119(a); *In re Estate of*

---

[5] Relying on the rationale in *Mendel*, *supra*, the trial court in the instant matter concluded that Pennsylvania's Long Arm Statute, 42 Pa.C.S. § 5322(b), did not provide a basis for specific personal jurisdiction over Appellee Shepherd or Appellee Corning Hospital. Trial Ct. Op. at 5 (unpaginated).

***Whitley***, 50 A.3d 203, 209-10 (Pa. Super. 2012) ("Failure to cite relevant legal authority constitutes waiver of the claim on appeal.").[6]

Because Appellant has not argued on appeal that Pennsylvania has an independent basis through which it may exercise jurisdiction over Appellee Shepherd, we conclude that the trial court properly sustained Appellee Shepherd's preliminary objections and dismissed Appellant's claims against him.

Order affirmed. Jurisdiction relinquished. Case remanded.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/3/2016

---

[6] This court also could not find any legal basis to support Appellant's argument that because the trial court has jurisdiction over Appellee Corning Hospital, it has jurisdiction over the hospital's agent, Appellee Shepherd.