J-A27045-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ROBERT D. KLINE | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ERIC A. ROWLEY | : | No. 657 MDA 2022 |

Appeal from the Order Entered April 6, 2022
In the Court of Common Pleas of Mifflin County Civil Division at No(s):
2021-00285

BEFORE:   DUBOW, J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    **FILED JANUARY 23, 2023**

Appellant Robert D. Kline appeals, *pro se*, from the order of the Court of Common Pleas of Mifflin County ("trial court") that sustained Appellee Eric A. Rowley's preliminary objection asserting improper venue and dismissed Kline's complaint.  We vacate and remand for further proceedings.

Kline initiated the instant action in 2021 by filing a praecipe for writ of summons.  On February 15, 2022, he filed a complaint against Rowley asserting claims against Rowley under the federal Telephone Consumer Protection Act of 1991 ("TCPA"),[1] the Pennsylvania Telemarketer Registration Act,[2] and the Pennsylvania Unfair Trade Practices and Consumer Protection

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] Appellant asserts violations of the portions of the TCPA set forth in 47 U.S.C. § 227 and related regulations.

[2] 73 P.S. §§ 2241 to 2250.

Law,[3] as well as an invasion of privacy claim. Kline's complaint relates to Rowley's alleged pre-recorded telemarketing calls made to Kline for the purpose of soliciting insurance business. Kline listed his home address in the complaint as being at an address on Fairview Road in McClure, Pennsylvania. Complaint ¶1.

Rowley filed a preliminary objection to the complaint alleging that venue properly lies in Snyder County rather than Mifflin County because Rowley lives in Florida and McClure, the town where Kline resides, is in Snyder County. On April 6, 2022, the trial court entered its order sustaining Rowley's objection and directing that "[Kline]'s claims against [Rowley] are dismissed." Order, 4/6/22.

On April 19, 2022, Kline filed a motion to vacate the trial court's order, in which he averred that the events that gave rise to his complaint occurred in Mifflin County and that Rowley is registered as an insurance agent in the Commonwealth of Pennsylvania. Kline further noted that the preliminary objection did not contain a notice to plead, nor was it verified, and the court thus should not have resolved the issue of venue without holding a hearing. Therefore, he requested that the court vacate its April 6, 2022 order and allow Kline to file an amended complaint addressing the venue issue.

On May 2, 2022, prior to the trial court ruling on his motion to vacate, Appellant filed a notice of appeal from the April 6, 2022 order. On May 9,

---

[3] 73 P.S. §§ 201-1 to 201-10.

2022, the trial court filed an order directing Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant did so on May 31, 2022. On June 29, 2022, the trial court filed its Pa.R.A.P. 1925(a) opinion. In its opinion, the court requested that this Court remand this case so that a hearing can be held on Rowley's preliminary objection. The court explained that Kline has filed numerous actions asserting TCPA claims in the past, McClure is a rural town that falls partly in Snyder County and partly in Mifflin County, and the court only had just become aware that Kline resides in the Snyder County portion of McClure. Trial Court Opinion, 6/29/22, at 1. The court stated that it was prepared to hold a hearing on Kline's motion to vacate, but that he filed his notice of appeal stripping the court of jurisdiction prior to the court being able to rule on the motion. *Id.* at 1-2.

> Kline raises the following issues on appeal:
>
> 1. Did the Trial Court err by sustaining [Rowley]'s preliminary objection relating to venue that raised statements of unverified facts not of record, with a hearing or other testimony?
>
> 2. Did the Trial Court err by not transferring [Kline]'s case to the proper venue if venue was improper?

Kline's Brief at 3 (suggested answers omitted).

Kline argues that the trial court erred by ruling on Rowley's preliminary objection based upon unverified claims related to the proper venue for this lawsuit and without accepting evidence on a disputed factual issue. Kline notes that the domicile of the plaintiff is not the only determinative factor in

determining where venue is proper and therefore the trial court's venue analysis is incomplete. Kline further contends that, even if venue was improper in Mifflin County, the proper procedure under our Rules of Civil Procedure was for the trial court to transfer the case to Snyder County rather than ordering the dismissal of the action outright.[4]

We review an order sustaining preliminary objections asserting improper venue for an abuse of discretion or legal error. **Beemac Trucking, LLC v. CNG Concepts, LLC**, 134 A.3d 1055, 1058 (Pa. Super. 2016). A plaintiff's choice of forum is given great weight, and the party asserting the venue objection bears the burden of showing venue is improper. **Hausmann v. Bernd**, 271 A.3d 486, 492 (Pa. Super. 2022).

---

[4] Rowley argues that Kline waived his appellate issues based upon his filing of his Pa.R.A.P. 1925(b) concise statement on May 31, 2022, one day beyond the 21-day deadline set forth in the trial court's May 9, 2022 order. **See** Pa.R.A.P. 1925(b)(2)(i) (providing that trial court shall allow appellant at least 21 days from the date of the entry of the order to file and serve the concise statement); **U.S. Bank, N.A. for Certificateholders of LXS 2007-7N Trust Fund v. Hua**, 193 A.3d 994, 997-98 (Pa. Super. 2018) (failure to comply with 21-day deadline set forth in trial court Rule 1925(b) order shall result in automatic waiver of claims appellant sought to raise). However, Rowley's argument overlooks that the 21st day after the trial court filed its order— Monday, May 30, 2022—was the Memorial Day holiday, which is excluded from the timeliness calculation under our appellate rules. **See** 1 Pa.C.S. § 1908 (when the last day for a statutory filing deadline falls on a weekend or a federal or Commonwealth legal holiday, the deadline shall be extended until the next business day); Pa.R.A.P. 107 (incorporating 1 Pa.C.S. § 1908 with respect to deadlines set forth in the Rules of Appellate Procedure); **see also** 5 U.S.C. § 6103(a) (listing federal holidays, including Memorial Day, which falls on the last Monday in May). Therefore, Kline's concise statement filed on Tuesday, May 31, 2022, the following business day after Memorial Day, was timely.

Pursuant to Rule of Civil Procedure 1006(a), where an action is brought against an individual and the subject matter of the case does not relate to a property dispute, venue is proper in any county where:

(1) the individual may be served;

(2) the cause of action arose;

(3) a transaction or occurrence took place out of which the cause of action arose; [or]

(4) venue is authorized by law[.]

Pa.R.Civ.P. 1006(a).[5]  Furthermore, "[i]f a preliminary objection to venue is sustained, and there is a county of proper venue within the State, the action shall not be dismissed but shall be transferred to the appropriate court of that county."  Pa.R.Civ.P. 1006(e); *see also Searles v. Estrada*, 856 A.2d 85, 91 (Pa. Super. 2004) (when venue objection is sustained, court must transfer to the appropriate Pennsylvania county if venue is proper in that county, but court should dismiss when venue does not lie in any Pennsylvania county).

Upon review, and consistent with the trial court's request in its Rule 1925(a) opinion that we remand to allow for the court to accept evidence concerning the proper venue for this action, we conclude that the trial court erred in sustaining Rowley's preliminary objection and dismissing the complaint.  Under the Rules of Civil Procedure, "[i]f an issue of fact is raised" with respect to a preliminary objection asserting improper venue, "the court

_____

[5] The relevant text of Rule 1006 was amended effective January 1, 2023, but the amendments are not material to this matter.  We quote from the current version of the rule.

shall consider evidence by depositions or otherwise." Pa.R.Civ.P. 1028(c)(2); *see also id.*, Note ("Preliminary objections raising an issue under subdivision (a)(1) [relating to, *inter alia*, objections to improper venue] cannot be determined from facts of record"). "This rule mandates that the court resolve factual disputes by hearing evidence, rather than making a non-evidentiary judgment on the basis of the disputed factual allegations." **C.G. v. J.H.**, 172 A.3d 43, 54 (Pa. Super. 2017), **affirmed**, 193 A.3d 891 (Pa. 2018). Thus, "[t]he trial court may not reach a determination based upon its view of the controverted facts, but must resolve the dispute by receiving evidence thereon through interrogatories, depositions, or an evidentiary hearing." **Id.** (citation omitted); **see also Deyarmin v. Consolidated Rail Corp.**, 931 A.2d 1, 14 (Pa. Super. 2007). However, "a trial court may appropriately resolve preliminary objections to venue [] without discovery in cases where no factual issues were raised which necessitated the reception of evidence." **Deyarmin**, 931 A.2d at 14 (citation and quotation marks omitted).

The facts underlying the question of whether venue was proper in Mifflin County were not settled at the time of the trial court's ruling on Rowley's objection. The complaint identifies Kline's home address as being in McClure, Pennsylvania but does not state whether he lived in Mifflin or Snyder County. While Rowley asserts in his preliminary objection that Kline in fact lives in Snyder County, this averment of fact was not verified as required by our rules of civil procedure. **See** Pa.R.Civ.P. 1017(a)(4) (preliminary objection is a pleading); Pa.R.Civ.P. 1024(a) (averment of fact not of record in pleading

must be verified). Absent verification, a factual assertion in "a pleading is mere narration and amounts to nothing." ***JP Morgan Chase Bank, N.A. v. Murray***, 63 A.3d 1258, 1271 (Pa. Super. 2013) (citation omitted).[6] Furthermore, while Kline did not file a response to the preliminary objection, no response was required because Rowley did not endorse the objection with a notice to plead; Rowley's factual averments were thus deemed denied. Pa.R.Civ.P. 1028(c)(2), Note (preliminary objection raising issue of venue "must be endorsed with a notice to plead or no response will be required under Rule 1029(d)"); Pa.R.Civ.P. 1029(d) ("Averments in a pleading to which no responsive pleading is required shall be deemed to be denied.").

Kline appeared to concede in his motion to vacate that his home is in Snyder County. However, the location of Kline's residence is not the only factor relevant to determining the proper venue for this lawsuit. As explained above, venue for this lawsuit would be proper in any county where "the cause of action arose" or where "a transaction or occurrence took place out of which the cause of action arose." Pa.R.Civ.P. 1006(a). Kline referenced in the complaint allegedly illegal prerecorded telephone calls by Rowley to at least one telephone number, but he did not specifically aver whether the calls were received on a landline at his home or at another location.

_____

[6] Nevertheless, trial courts have discretion to permit amendment of a pleading to cure deficient verification. ***See Murray***, 63 A.3d at 1270-71.

Finally, we note that it also appears that the trial court erred in ordering dismissal of the action as the court evidently sustained the venue objection on the basis of Rowley's argument that venue was only proper in Snyder County, where Kline lives. To the extent the trial court determined that venue was proper in any other Pennsylvania county besides Mifflin County, the proper recourse would have been to transfer the matter to Snyder County rather than ordering the outright dismissal of Kline's complaint. **See** Pa.R.Civ.P. 1006(e); **Searles**, 856 A.2d at 91.

Accordingly, we vacate the trial court's April 6, 2022 order sustaining Rowley's preliminary objection and dismissing Kline's claims. We remand to allow the trial court to permit such further pleadings and proceedings that the court deems necessary to resolve Rowley's objection to Mifflin County as the venue for this case.

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>1/23/2023</u>