Henry SEALE, Appellant,

v.

B. D. HUDGENS, Appellee.

No. 15557.

Court of Civil Appeals of Texas, San Antonio.

June 9, 1976.

Rehearing Denied July 7, 1976.

Don W. Davis, Irion, Cain, Magee & Davis, Dallas, for appellant.

John J. Pichinson, Henry E. Bower, Corpus Christi, for appellee.

BARROW, Chief Justice.

Appellant has perfected his appeal from an order overruling his plea of privilege after a non-jury hearing.

Appellee brought this suit in Guadalupe County seeking to recover from appellant, a resident of Dallas County, the sum of $52,090.81 being the unpaid principal and interest on two notes executed by appellant, which were paid by appellee as guarantor. Venue was sustained in Guadalupe County under Sub. 5 of Art. 1995, Tex.Rev.Civ.Stat. Ann., upon appellant's promise in writing to pay the notes at the offices of the respective payee banks which are located in Guadalupe County. Both notes were endorsed by appellee; however, they were both assigned to Traders Oil & Royalty, a limited partnership, with appellee as general partner.

Appellant urges by his single point of error that the trial court erred in overruling his plea of privilege in that there is no evidence that he contracted in writing to reimburse the guarantor in Guadalupe County. The question before us is whether the guarantor, after having paid the indebtedness, may sue upon the debtor's written obligation to pay the notes in Guadalupe County.

In *Fox v. Kroeger*, 119 Tex. 511, 35 S.W.2d 679 (1931), the Supreme Court held that where the surety pays the debt of the principal, he may elect to either bring an action on an assumpsit[1] or prosecute an action on the very debt itself. It was held that in either event he stands in the shoes of the original creditor as to any securities and rights of priority. See also *La–Rey, Inc. v. Kowalski*, 433 S.W.2d 530 (Tex.Civ. App.—San Antonio 1968, no writ). Section 3.415(e) of the Texas Business & Commerce Code provides that an accommodation party who pays an instrument has a right of recourse *on the instrument* against the accommodated party.

A review of appellee's petition discloses that he was suing on the notes executed by appellant which were paid by appellee as an accommodation party. By paying the notes, appellee was subrogated to the rights of the banks and stood in the shoes of each. This included the right to rely on appellant's promises in writing to discharge the notes in Guadalupe County. The trial court did not err in overruling appellant's plea of privilege.

The judgment is affirmed.

---

1. The case of *Lewis v. Easley*, 34 S.W.2d 376 (Tex.Civ.App.—Amarillo 1930, no writ) which is relied upon by appellant, considered only an action on an assumpsit.