267 Pa. Superior Ct. 74 (1979)
406 A.2d 343
PENNSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY
v.
David F. DEVORE, Appellant.
Superior Court of Pennsylvania.
Argued March 12, 1979.
Decided June 13, 1979.
Reargument Denied October 15, 1979.
*75 James W. Carroll, Jr., Pittsburgh, for appellant.
*76 Jane G. Penny, Harrisburg, for appellee.
Before CERCONE, President Judge, and WIEAND and HOFFMAN, JJ.
HOFFMAN, Judge:
This is an action brought in Dauphin County by the assignee of a note against the obligor. Appellant, the obligor, filed preliminary objections raising the issue of venue which were denied by the court below. This appeal followed.[1] Appellant now contends that the court below erred because: (1) venue in Dauphin County is not proper, and (2) even if venue is proper there, the case should still be transferred under the doctrine of forum non conveniens. We do not reach the latter issue because we find that venue in Dauphin County is improper. Accordingly, we reverse and remand for further proceedings.
The facts of the case in the record[2] are as follows. On March 2, 1971, appellant signed a promissory note to the order of the Pittsburgh National Bank (Bank) for the principal amount of $750.00 at 7% interest annually. Appellant defaulted on January 1, 1972 when he failed to make the first installment due. On April 10, 1972, the Bank assigned the note to appellee, the Pennsylvania Higher Education Assistance Agency (PHEAA), for value received. PHEAA is a Commonwealth agency located in Harrisburg, Dauphin Co. Appellant is a resident of Cheswick, Allegheny County. Bank is located in Pittsburgh, Allegheny County. The loan *77 was transacted and the note was executed in Pittsburgh, Allegheny County.
An action in assumpsit may only be brought in a county in which (1) the defendant is served, (2) the cause of action arose, or (3) (which is asserted here by PHEAA) "where a transaction of occurrence took place out of which the cause of action arose. Pa.R.Civ.P. 1006(a). "Transaction or occurrence" does not include the performance of any act in the contract formation process but is the ultimate formation of the contract itself. Craig v. W.J. Thiele & Sons, Inc., 395 Pa. 129, 133-34, 149 A.2d 35, 37 (1959). An assignment does not confer upon the assignee any greater right, power, or interest than that possessed by the assignor. Camenisch v. Allen, 158 Pa.Super. 174, 178, 44 A.2d 309, 310 (1945); 6A C.J.S. Assignment § 73.
Here it is apparent from the record that every act in the formation and breach of this contract took place Allegheny County.[3] Dauphin County has no relation to the transaction except that it is the location of the assignee. This is insufficient under Craig to permit venue there. Since PHEAA as assignee can only bring suit where its assignor could bring suit, manifestly Allegheny County is the only place where venue is proper for this Action. See Seale v. Hudgens, 538 S.W.2d 459 (Tex.Civ.App. 1976) (where assignee sues obligor on note, venue is proper in county of either assignor's or obligor's residence). Thus, appellant's preliminary objections should have been sustained.
Reversed and remanded.
WIEAND, J., concurs.
NOTES
[1] Initially, we note that appellate jurisdiction is present. Bloom v. Bloom, 238 Pa.Super. 246, 250 n. 3, 362 A.2d 1024, 1026 n. 3 (1976); Daugherty v. Inland Tugs Co., 240 Pa.Super. 527, 529, 359 A.2d 465, 466 (1976); Norman v. Norfolk and Western Ry. Co., 228 Pa.Super. 319, 322 n. 3, 323 A.2d 850, 851 n. 3 (1974).
[2] All that is before us is appellee's complaint, appellant's preliminary objections (verified) and Petition for reconsideration (unverified) and the orders and opinion of the lower court. There was no evidence taken by deposition, hearing, or otherwise. Therefore we must accept as true all the allegations in the complaint as true, plus the verified averments of the appellant to which no responsive pleading was filed.
[3] In its brief, PHEAA has injected many facts not of record, which were relied upon by the court below, to the effect that it had a substantial role in the process of transacting this loan. "However, we are bound to consider only those facts which are in the record, and may not consider those injected by the briefs of counsel." In the Interest of Carroll, 260 Pa.Super. 23, 27 n. 4, 393 A.2d 993, 995 n. 4 (1978).