417 A.2d 720

## LUCAS ENTERPRISES, INC.

v.

## PAUL C. HARMAN COMPANY, INC. and Paul C. Harman, Individually.

### Appeal of Paul C. HARMAN, Individually.

Superior Court of Pennsylvania.

Submitted April 12, 1979.

Filed Jan. 4, 1980.

Blair F. Green, Kittanning, for appellant.

Bernard J. McAuley, Pittsburgh, for appellee.

Before CERCONE, President Judge, and WIEAND and LIPEZ, JJ.

LIPEZ, Judge:

Defendant Paul C. Harman filed preliminary objections to the complaint in assumpsit of plaintiff Lucas Enterprises, Inc., on the ground that the complaint failed to make sufficient allegations to lay the venue in Allegheny County. Lucas Enterprises filed an amendment to the complaint, and Harman filed further preliminary objections alleging that the complaint as amended still failed to lay venue properly in Allegheny County. The court below dismissed the preliminary objections on June 6, 1978, and this appeal from that dismissal was taken on June 19, 1978. We have jurisdiction over this interlocutory appeal under the Act of March 5,

1925, P.L. 23, § 1, 12 P.S. § 672.[1]  *See Gaetano v. Herald Construction Company*, 426 Pa. 179, 181, n. 1, 231 A.2d 753, 755, n. 1 (1967).

The complaint alleged that Harman "retained" Lucas Enterprises for the purpose of having Lucas Enterprises find a buyer for coal leases held by the Paul C. Harman Company. The complaint also alleged that a 5% finder's fee was agreed on, and that Lucas Enterprises found a buyer, who eventually purchased the leases for $2,300,000. Lucas Enterprises therefore demanded judgment for a $115,000 finder's fee.

■ To establish venue in Allegheny County, Lucas Enterprises relied in the alternative on contentions that Allegheny was the county "in which the cause of action arose" and that it was a county "where a transaction or occurrence took place out of which the cause of action arose." Pa.R. Civ.P. 1006(a). The court below held that the contract was made in Allegheny County, even though the court correctly stated in its own opinion, "The Complaint does not aver specifically that this contract was made in Allegheny County, nor does it aver who made the offer and who made the acceptance." The making of a contract, which takes place where the offer is accepted, undoubtedly constitutes a "transaction or occurrence" sufficient to establish venue. *Craig v. W. J. Thiele & Sons, Inc.*, 395 Pa. 129, 132–33, 149 A.2d 35, 36–37 (1959). This complaint, even after amendment, failed to allege the place of acceptance, and therefore the lower court's stated basis for sustaining the venue in Allegheny County was incorrect. *Id.*

■ We affirm, however, on the alternative ground not discussed by the court below, that Allegheny was the county "in which the cause of action arose." The cause of action alleged here is breach of contract by failure to pay a finder's fee according to the terms of the contract. The complaint also alleges that Lucas Enterprises' place of business is in

1.  Effective April 22, 1979, the appealability of an order sustaining venue is governed by new Pennsylvania Rule of Appellate Procedure 311(b).  8 Pa.Bull. 3636, 3637.

Allegheny County. In jurisdictions with a venue provision similar to Pennsylvania's, the rule is universal in the absence of agreement to the contrary, that payment is due at the plaintiff's residence or place of business, and venue is proper there in a breach of contract action alleging failure to make payment. *Gorham Construction Company v. Superior Fertilizer & Chemical Company*, 218 So.2d 516 (Fla.1969); *State ex rel. Industrial Supply Company v. Circuit Court for Multnomah County*, 221 Or. 309, 351 P.2d 39 (1960); *Conservative Life Insurance Company v. Alexander*, 114 W.Va. 451, 172 S.E. 520 (1933); *Clark v. Policyholders' Life Insurance Association*, 138 Cal.App. 505, 32 P.2d 653 (1934). The one lower Pennsylvania court which has considered the question is in accord with these appellate decisions from other states. *Don W. Dickinson, Inc. v. Moore*, 68 D. & C.2d 336 (Del.Co.1974); *Kassab v. Wilke*, 64 D. & C.2d 634 (Del. Co.1974). We also adopt this rule, which we find most closely comports with the probable intention of the parties to a contract which does not specifically provide for place of payment.[2] Since the complaint alleged that Lucas Enterprises' place of business was located in Allegheny County, payment was due in that county and venue was proper there.

Order affirmed.

**2.** *Pennsylvania Higher Education Assistance Agency v. Devore*, 267 Pa.Super. 74, 406 A.2d 343 (1979), *rearg. den'd*, is consistent with our decision. In that case, a resident of Allegheny County defaulted on a promissory note to the order of a bank in Allegheny County. The bank assigned the note to PHEAA, which sued the obligator on the note in Dauphin County. This court stated: "Dauphin County has no relation to the transaction except that it is the location of the assignee. This is insufficient . . . to permit venue there. Since PHEAA as assignor can only bring suit where its assignor could bring suit, manifestly Allegheny County is the only place where venue is proper for this Action. *See Seale v. Hudgens*, 538 S.W.2d 459 (Tex.Civ.App.1976) (where assignee sues obligtor [sic] on note, venue is proper in county of either assignor's or obligor's residence)." *Devore, supra*, 267 Pa.Super. at 77, 406 A.2d at 344. That reasoning supports our conclusion that a suit alleging breach of an obligation to pay money may be brought in the county where the one to whom the obligation was originally owed is located.