## Krall v. Butz

*David E. Lehman,* for plaintiffs.
*Michael Prokup,* for defendant.

WALTER, *J.,* November 12, 1981—This matter comes before us on the preliminary objections to plaintiff's complaint filed by defendant, Paul W. Butz.

The parties entered into a listing agreement September 2, 1980. In it defendant, Paul W. Butz agreed to have his business, the Anthracite Car Wash, located in Pottsville, Pa., listed with all multilist members of the Lebanon County Board of Realtors. He also agreed to pay plaintiff, Ronald W. Krall, a real estate broker, seven and one-half percent of the consideration received upon sale of the car wash, as a commission for coordinating the sale.

Around December 30, 1980, plaintiff's agent secured a purchase offer of $125,000 from Samuel A. Brubaker of Lebanon, Pa. Brubaker's offer was accepted by defendant Butz when the latter signed an Agreement of Sale with Brubaker January 6, 1981.

Closing was held March 11, 1981 when a deed dated March 10, 1981 was delivered and consideration exchanged. To date, the commission arising out of this sales transaction has not been paid by Butz to Krall, as agreed in the listing agreement. Therefore, plaintiff seeks $9,375[1] plus interest commencing March 11, 1981 and attorney fees. Alternatively, he seeks $9,375 in quantum meruit for the unjust enrichment of defendant, together with interest, attorney fees and costs of litigation.

Plaintiff Ronald W. Krall, d/b/a Ronald W. Krall Real Estate Partners, Myerstown, Lebanon County, filed his complaint July 6, 1981 in Lebanon County. Defendant, Paul W. Butz, of Northampton, Northampton County, responded July 23, 1981 with preliminary objections seeking a change of venue and a petition under Pa.R.C.P. 1006(d) for a change of venue.

This matter has been submitted to us on briefs, oral arguments having been waived by agreement of counsel. The basic issue is this: If the car wash and defendant are located in Schuylkill County, but the business is listed for sale in Lebanon County by a Lebanon County realtor, does breach of the commission payment clause contained in the parties' valid listing agreement contract provide venue in Lebanon County or in Schuylkill County?

Defendant asserts that Schuylkill County, the place the agreement was accepted, is the controlling factor.

Defendant further contends plaintiff's demand for the commission payment in Lebanon County is not sufficient grounds to establish venue in Lebanon County, especially since place of payment was

---

1. Seven and one-half percent commission on $125,000 sales price.

not designated in the listing agreement; there was no transaction or occurrence in Lebanon County, since the listing agreement was signed and accepted in Schuylkill County; and finally, Lebanon County would be too inconvenient and expensive a forum for petitioner to defend himself here (an issue best left to change of venue proceedings under Pa.R.C.P. rule 1006(d). The issue here is improper venue.)

Plaintiff counters with the propositions defendant's petition to change venue accompanying his preliminary objections is improper procedure; the issue of proper venue must be resolved based on the averments of plaintiff's complaint; and payment of plaintiff's commission which was due in Lebanon County constitutes a sufficient transaction or occurrence sustaining venue in Lebanon County.

We have read the arguments of counsel and shall treat their averments sequentially. Our focus would be the preliminary objections only. The questions raised by defendant's petition for change of venue are not properly before us for two reasons. First, despite plaintiff's answer to the petition, our local rules[2] were frustrated. Second, the subject matters require a hearing.

Defendant cites Pa.R.C.P. 1006 "Venue. Change of Venue." in pertinent part, viz: "(a) . . . an action . . . may be brought . . . in a county . . . in which the cause of action arose or where a transaction or occurrence took place. . . ."

---

2. See Leb. Co. C.C.P. Rule 15(E) and comment. Defendant's attention is invited to the patent distinction between Pa.R.C.P. 1006(d) and 1006(e) as well as to the holdings of the Pennsylvania Superior Court in Hohlstein v. Hohlstein, 223 Superior Ct. 348, 296 A. 2d 886 (1972) and Gogets v. Gogets, 267 Superior Ct. 458, 406 A. 2d 1132 (1979): the exclusive method to raise improper venue is by preliminary objections.

Because defendant claims there was no transaction or occurrence in Lebanon County, he primarily relies on Craig v. W. J. Thiele & Sons, Inc., 395 Pa. 129, 149 A. 2d 35 (1959), the leading Pennsylvania case defining "transaction or occurrence." There the Supreme Court held ". . . The place of making a contract is not where the offer is made but where it is accepted." Craig at 37. Additionally, defendant would have us rely on an unreported case, Koser Electric Company, Inc. v. Thomas A. Armbruster, Inc., no 78-4556 (Court of Common Pleas, Lycoming County) which allegedly follows Craig, supra.

Defendant has not furnished us with a copy of the Koser opinion. Unfortunately our law library as good as it is, does not, cannot subscribe to all the legal journals in the state. Nor do we receive copies of all opinions published in each jurisdiction. Because of the practicalities we have promulgated the following rule, quoted in full for defendant's edification, Leb Co. C.C.P. Rule No. 7(c)(4)—Civil Division:

"Whenever a party relies upon an unreported opinion of any of the Common Pleas Courts in Pennsylvania, a photostatic copy of the case in full shall be attached to the brief. Whenever reference is made to facts contained in the record, the brief shall contain a reference to the page in the notes of testimony where the facts can be found."

It is encumbent upon counsel from neighboring jurisdictions, in the spirit of statewide practice, to familiarize themselves with local procedural rules in a given foreign county. The business of both the court and the client will thus be facilitated.

Notwithstanding that omission we take defendant's position under the Craig doctrine to be that Schuylkill County is the proper forum because the

sales contract and commission agreement were signed and accepted in Schuylkill County. Butz included in his preliminary objections[3] as a supporting reason, plaintiff's complaint does not allege facts sufficient to give venue in Lebanon County. However, in not addressing that issue in his brief, he has effectively waived it. Consequently, there is no need for us to consider it.

Plaintiff to support his position venue is here relies on Lucas Enterprises v. Paul C. Harmon, 273 Pa. Superior Ct. 422, 417 A. 2d 720 (1980). There the Pennsylvania Superior Court makes a distinction between where the contract was made or accepted, as proposed by Craig v. W. J. Thiele & Sons, Inc., supra, and a breach of contract by failure to pay a finder's fee according to the terms of the contract, Lucas Enterprises at 721-722:

". . . [T]he rule is universal in the absence of agreement to the contrary, that payment is due at the plaintiff's residence or place of business, and venue is proper there in a breach of contract action alleging failure to make payment."

"We also adopt this rule, which we find most closely comports with the probable intention of the parties to a contract which does not specifically provide for place of payment. Since the complaint alleged that Lucas Enterprises' place of business was located in Allegheny County, payment was due in that county and venue was proper there."

By analogy we find Lucas and the facts of the case at bar to be congruous. There is no provision in

_____

3. Pa.R.C.P. 1017(b)(1) dictates the preliminary objections raising the question of venue be in the nature of a petition. While defendant's offering is an anomaly in that it has no label at all beyond preliminary objections, we shall consider it a petition.

the listing contract for locus of commission payment; that commission is the equivalent of the Lucas finder's fee; plaintiff adequately avers in paragraph 2 of his complaint that payment of the commission is due and payable in his Myerstown, Lebanon County office.

Accordingly, we find Lebanon County to be the proper forum for plaintiff to pursue his case. Defendant's preliminary objections will be turned aside.

## ORDER

And now, November 12, 1981, for the reasons set forth in the accompanying opinion defendant's preliminary objections raising the question of improper venue are respectfully overruled. The parties, should they so choose, are free to pursue other proceedings regarding the other issues of venue not inconsistent with our opinion.