OPINION BY
GANTMAN, P.J.:
Appellant, P. Gregory Mason, appeals from the order entered in the Snyder County Court of Common Pleas, which overruled his preliminary objections to venue as improper in this breach of contract action filed by Appellee, Richard P. Scarlett. We affirm.
The relevant facts and procedural history of this case are as follows. Appellant is a resident of Franklin County. Appellee resides in Snyder County. The parties work as truck drivers for the same company. In 2008, at their place of work in Flemington, New Jersey, the parties orally agreed to the purchase of a John Deere 820 tractor from a third party so Appellee could repair the tractor and rebuild its engine for Appellant. Appellee subsequently performed the work at his Snyder County residence. In October 2011, at Appellee’s residence, Appellant inspected the completed work on the tractor. On that same day, Appellee billed Appellant for $6,700.00, which represented Appellant’s remaining balance for parts and labor. Appellant made a partial payment of $3,000.00 before leaving Appellee’s property-
On February 22, 2013, Appellee filed a complaint in the Snyder County Court of Common Pleas alleging Appellant had failed to pay the balance due on the tractor restoration in breach of their agreement and seeking a judgment against Appellant in the amount of $3,700.00, plus interest and costs. The complaint was served on Appellant at his Franklin County residence on March 8, 2013. On March 20, 2013, Appellant filed a response to the complaint through his wife, Denise Mason. Appellee field preliminary objections to the response on April 23, 2013, asserting, inter alia, that Appellant’s response was improperly filed by a non-attorney representative. On May 13, 2013, in reply to Ap-pellee’s preliminary objections, Appellant filed counseled preliminary objections pursuant to Pa.R.C.P. 1028(c)(1), raising improper venue in Snyder County under Pa. R.C.P. 1006(a)(1). Appellant alleged that venue in Snyder County was improper because Appellant could not be served, and was not served, in Snyder County; the cause of action arose in Flemington, New Jersey; and all transactions and occurrences out of which the cause of action arose occurred in Flemington, New Jersey. The record contains a redacted letter dated March 14, 2012 from Appellee’s counsel to counsel for Appellant, which stated, in part: “The parties work together out of Flemington, New Jersey, where the transactions you refer to were formulated.” (See Letter, dated 3/14/12; R.R. at 16a-17a.) Appellant requested the court to dismiss the complaint, or, in the alternative, transfer the action to Franklin Coun *1292 ty. Appellee answered Appellant’s preliminary objections on June 4, 2013.
On July 12, 2013, after oral argument, the court entered an order overruling Appellant’s preliminary objections and directing Appellant to file an answer to Appel-lee’s complaint on or before August 2, 2013. Appellee filed an election to have the order deemed final on July 22, 2013, per Pa.R.A.P. 311(b)(1).[1]
On August 2, 2013, Appellant timely filed a notice of appeal. The court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b); Appellant timely complied.
Appellant raises one issue for our review:
WHETHER THE TRIAL COURT ERRED IN CONCLUDING THAT VENUE IN THIS BREACH OF CONTRACT SUIT WAS PROPER UNDER PA.R.C.P. 1006(A)(1) IN SNYDER COUNTY WHEN (1) THE INDIVIDUAL AGAINST WHOM THE SUIT WAS BROUGHT COULD ONLY BE, AND WAS, SERVED IN FRANKLIN COUNTY AND (2) THE CONTRACT AND TRANSACTIONS OUT OF WHICH THE SUIT AROSE OCCURRED IN NEW JERSEY?
(Appellant’s Brief at 3).
Appellant argues that under Pennsylvania Rule of Civil Procedure 1006(a)(1), there was no basis to lay venue against him in Snyder County. Appellant asserts he was only subject to service of process in Franklin County, where he resides and where he was actually served. Appellant further argues the cause of action arose in Flemington, New Jersey, where the parties discussed and orally agreed upon the terms of the tractor restoration project. Likewise, every Rule 1006(a)(1) “transaction” or “occurrence” out of which the cause of action arose took place in Flem-ington, and Appellee admitted as much through his counsel’s March 14, 2012 letter. For these reasons, Appellant concludes venue in Pennsylvania was proper only in Franklin County, and the court erred when it overruled Appellant’s preliminary objections on the basis of improper venue and allowed the case to proceed in Snyder County. We disagree.
The trial court “is vested with discretion in determining whether to grant a preliminary objection to transfer venue, and we shall not overturn a decision to grant or deny absent an abuse of discretion.” Searles v. Estrada, 856 A.2d 85, 88 (Pa.Super.2004), appeal denied, 582 Pa. 701, 871 A.2d 192 (2005). See also Silver v. Thompson, 26 A.3d 514, 516 (Pa.Super.2011). An abuse of discretion occurs when “there was an error of law or the judgment was manifestly unreasonable or the result of partiality, prejudice, bias or ill will.” Id.
A defendant can challenge a plaintiffs chosen forum as “improper,” typically through a preliminary objection to the complaint. Pa. R.C.P. 1028(a)(1). But see Cid v. Erie Ins. Group, 63 A.3d 787 (Pa.Super.2013), appeal denied, — Pa. -, 77 A.3d 1258 (2013) (holding Erie properly raised and preserved its challenge to venue as improper in its response to plaintiffs petition to appoint arbitrator and compel arbitration, notwithstanding common rule that improper venue must be raised via preliminary objection, where plaintiffs filing was not “pleading”; instead, plaintiffs filing implicated rules gov *1293 erning petition practice and procedure, which make no provision for raising preliminary objections).
Ordinarily, a plaintiffs choice of forum carries great weight, but it is not absolute or unassailable. Fritz v. Glen Mills Schools, 840 A.2d 1021, 1028 (Pa.Super.2008). Moreover, the presumption in favor of a plaintiffs choice of forum has no application to the question of whether venue is proper in the plaintiffs chosen forum; venue either is or is not proper. Kring v. University of Pittsburgh, 829 A.2d 673, 676 (Pa.Super.2003), appeal denied, 577 Pa. 689, 844 A.2d 553 (2004).
Pennsylvania Rule of Civil Procedure 1006(a) governs proper venue for actions against individuals in pertinent part as follows:
Rule 1006. Venue. Change of Venue
(a) Except as otherwise provided by subdivisions (a.l),
(b) and (c) of this rule, an action against an individual may be brought in and only in a county in which
(1) the individual may be served or in which the cause of action arose or where a transaction or occurrence took place out of which the cause of action arose or in any other county authorized by law.
Pa.R.C.P. 1006(a)(1).
In Lucas Enterprises, Inc. v. Paul C. Harman Co., Inc., 273 Pa.Super. 422, 417 A.2d 720 (1980), this Court adopted the rule, from other jurisdictions with a venue provision similar to Pennsylvania’s, that in the absence of an agreement to the contrary, “payment is due at the plaintiffs residence or place of business, and venue is proper there in a breach of contract action alleging failure to make payment.” Id. at 721. This rule “most closely comports with the probable intention of the parties to a contract which does not specifically provide for place of payment.” Id. at 722.
In support of its decision to keep the case in Snyder County, the trial court reasoned at the hearing as follows:
[W]e would note that if we confíne ourselves to the statements in the preliminary objections and [Appellee’s] Answer to those preliminary objections, in the ... Answer to Preliminary Objections, specifically paragraph 13 and paragraph 12, it appears to this [c]ourt that given the fact that we are dealing with an oral contract which did not — there’s been no statements in the preliminary objections, the answers to the preliminary objections, [or] the complaint that the terms also included the place of payment. That it appears to this [c]ourt that this case is on all fours with Lucas and that the place of payment would — in this case would be Snyder County ... since — I don’t think there’s a dispute where [Ap-pellee] lived, where he did the work, where the one payment was made, where, apparently, delivery of the contract was taken, that venue is proper in Snyder County.
(N.T., 7/12/13, at 11-12; R.R. at 47a-48a).
The record confirms the court’s conclusion that Lucas controls this case and venue is proper in Snyder County. No evidence of record indicates the parties agreed to a specific place of payment for Appellee’s services. Therefore, payment was due, and venue was properly laid, in Snyder County where Appellee’s residence is located. See Lucas, supra. Contrary to Appellant’s assertion, nothing in Lucas suggests its rule concerning the default place of payment comes into play only when the place where the parties formed their contract is unknown. Lucas merely states that in the absence of an agreement to the contrary, in a breach of contract *1294 action, payment is due at a plaintiffs place of business or residence. See id. at 721.
Likewise, the March 14, 2012 letter from Appellee’s counsel did not make venue improper in Snyder County. The vague reference in the letter to “transactions ... formulated” in Flemington, New Jersey likely refers to the parties’ discussions and oral agreement concerning the tractor restoration project. The trial court, however, did not hold venue was proper in Snyder County on the ground that the contract was made there. Instead, the court reasoned under Lucas that any payments Appellant allegedly failed to make were due at Appellee’s Snyder County residence. Nothing in the record suggests the parties agreed that payment was due in Fleming-ton, New Jersey or anywhere else. Thus, we conclude the court properly overruled Appellant’s preliminary objections to venue as improper and allowed the case to proceed in Snyder County. Accordingly, we affirm.
Order affirmed.

. An appeal may be taken as of right from an order sustaining venue in a civil action or proceeding if the plaintiff files within ten days after entry of the order an election that the order shall be deemed final. Pa.R.A.P. 311(b)(1).