J-A02005-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| PENNSYLVANIA COUNSELING SERVICES INC., | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellant | |
| v. | |
| DEBORAH YAMBOR, | |
| Appellee | No. 1287 MDA 2015 |

Appeal from the Order Entered June 29, 2015
In the Court of Common Pleas of Lebanon County
Civil Division at No: 2014-01166

BEFORE:  PANELLA, STABILE, and FITZGERALD, JJ.[*]

MEMORANDUM BY STABILE, J.:            **FILED OCTOBER 17, 2016**

Appellant, Pennsylvania Counseling Services, Inc. ("PCS"), appeals from the June 29, 2015 order of the Court of Common Pleas of Lebanon County ("trial court"), which sustained the preliminary objections of Appellee, Deborah Yambor ("Yambor"), and transferred the matter to York County, Pennsylvania.  Upon review, we affirm.

The trial court provided the following factual history:

> [PCS] . . . provides counseling services in Adams, Berks, Cumberland, Dauphin, Franklin, Lancaster, Lebanon, and York Counties.  [PCS] employed . . . Yambor . . . as a Counselor/Therapist from October 6, 2008 until she voluntarily resigned as of November 1, 2013.  [Yambor] signed employment contracts with [PCS] on September 16, 2008; September 26, 2011; and March 3, 2012.  All 3 contracts contained the following non-compete clause:

---

[*] Former Justice specially assigned to the Superior Court.

That s/he shall not engage for one year from the time of termination of his PCS affiliation for any cause (exception in clause 5), in the practice of counseling/social work or psychology by him/herself or with any other individual or group (exception: an established IRS approved tax exempt nonprofit corporation to include school district) within a radius of 45 miles of the PCS sites previously worked at regularly. If the office is closed down and ceases operations, the employees released from all points of this noncompetition clause (i.e., see point 3 of this contract.)

[Yambor] regularly worked at [PCS's] York City office at 128 N. George St., York, Pennsylvania. [Yambor] is currently employed by GSC Counseling Associates, LLC (herein "GSC"). [PCS] believes GSC is not a non-profit agency and provides counseling services. GSC's office is at 2575 Eastern Blvd, York, Pennsylvania. This is four (4) miles from [PCS's] York Office where [Yambor] formerly worked.

The contracts between [PCS] and [Yambor] also contained buy-out provisions which allow former employees to pay to be released from the non-compete clause. The buy-out provision states:

Should the employee choose to work within the for-profit and or private practice competitive arena within said 45 mile radius within one year of termination; employee has the option to negate and void this noncompetition clause with a contract buy-out. Said buy-out shall serve as compensation to Employer for ongoing competitive costs which may include but be not limited to lost revenue for transferred clients to Employee's new working environment, Employee's knowledge of referral sources, business and insurance practices gained in employment training, and potentially continued managed care provider credentialing status achieved during PCS employment. It is agreed that this contract buyout option shall amount to 30% of the most recent 12 months of gross pay at time of negotiation or $4,000.00 whichever is greater. Payment shall be due upon termination unless otherwise extended by mutual written agreement.

Trial Court Opinion 06/29/15 at 2 – 4 (citation omitted).

On August 13, 2014, PCS filed an amended complaint against Yambor alleging a breach of contract, namely that Yambor breached the non-compete clause of her employment contract. On September 2, 2014, Yambor filed preliminary objections challenging venue. In response, PCS filed preliminary objections to Yambor's preliminary objections on September 18, 2014. By order and opinion of November 12, 2014, the trial court sustained PCS' preliminary objections and struck Yambor's preliminary objections and granted Yambor twenty days to file amended preliminary objections.

On November 24, 2014, Yambor filed amended preliminary objections challenging venue to which PCS filed preliminary objections on December 10, 2014. The trial court entered an opinion and order on March 2, 2015, overruling PCS's preliminary objections to Yambor's preliminary objections.

An evidentiary hearing was held on the amended preliminary objections on May 12, 2015. On June 11, 2015, the parties filed a stipulation of counsel, which detailed the situs of the contractual history of the parties and attached supporting exhibits. On June 29, 2015, the trial court entered an opinion and order, sustaining Yambor's amended preliminary objections and transferring the matter to York County. On July 27, 2015, PCS appealed to this Court. PCS filed a Pa.R.A.P. 1925(b) statement of matters complained of on appeal on August 20, 2015. The trial court issued a Pa.R.A.P. 1925(a) opinion on August 21, 2015.

On appeal,[1] PCS raises three issues for review.

> I. Did the [t]rial [c]ourt abuse its discretion and/or commit legal error in sustaining preliminary objections on grounds of improper venue, where the contract in the underlying breach of contract claim was silent as to where payment was due, making Appellant's place of business in Lebanon County the legal situs of payment and thereby creating proper venue in Lebanon County under *Scarlett v. Mason*, 89 A.3d 1290 (Pa. Super. 2014) and *Lucas Enterprises, Inc. v. Paul C. Herman Co., Inc.*, 273 Pa. Super. 422, 418 A.2d 720 (Pa. Super. 1980)?
>
> II. Did the [t]rial [c]ourt abuse its discretion and/or commit legal error in sustaining preliminary objections on grounds of venue without proof that venue was improper and/or by effectively applying a *forum non conveniens* analysis of venue on preliminary objections, contrary to *Wilson v. Levine*, 963 A.2d 479 (Pa. Super. 2008)?
>
> III. Did the [t]rial [c]ourt abuse its discretion and/or commit legal error by effectively imposing Rule 1006(e) costs on [Appellant] even though [Appellant] established that venue was proper, contrary to *Mateu v. Stout*, 819 A.2d 563 (Pa. Super. 2003)?

Appellant's Brief at 4.

PCS first asserts that the trial court abused its discretion and/or committed legal error when it sustained Yambor's amended preliminary objection as to venue. We disagree. "The trial court is 'vested with discretion in determining whether to grant a preliminary objection to transfer venue, and we shall not overturn a decision to grant or deny absent an abuse of discretion.'" *Scarlett* 89 A.3d at 1292 (quoting *Searles v. Estrada*, 856 A.2d 85, 88 (Pa. Super. 2004), *appeal denied*, 871 A.2d 192

_____

[1] This Court has jurisdiction under Pa.R.A.P. 311(c). *See Forrester v. Hanson*, 901 A.2d 548, 552 (Pa. Super. 2006) (order transferring venue is interlocutory order appealable as of right).

- 4 -

(Pa. 2005)). "An abuse of discretion occurs when 'there was an error of law or the judgment was manifestly unreasonable or the result of partiality, prejudice, bias or ill will.'" ***Id.***

"The presumption in favor of a plaintiff's choice of forum has no application to the question of whether venue is proper in the plaintiff's chosen forum; venue either is or is not proper." ***Scarlett***, 89 A.3d at 1293 (citing ***Kring v. Univ. of Pittsburgh***, 829 A.2d 673, 676 (Pa. Super. 2003), ***appeal denied***, 844 A.2d 553 (Pa. 2004)). "Ordinarily, a plaintiff's choice of forum carries great weight, but it is not absolute or unassailable." ***Scarlett***, 89 A.3d at 1293. To determine whether venue is proper, the court is to take a snapshot of the case at the time it is initiated: "if it is 'proper' at that time, it remains 'proper' throughout the litigation." ***See Zappala v. Brandolini Prop. Mgmt., Inc.***, 909 A.2d 1272, 1281 (Pa. 2006).

In the matter *sub judice*, PCS asserts only that because the contract[2] was silent as to where payment was due, PCS's place of business in Lebanon County would be the legal situs of payment and constitute a transaction or

---

[2] All references to the contract *sub judice* shall be to the third and final contract attached as Exhibit "D" to the amended complaint. The contract contained language at the top stating "[t]his contract replaces all previous contracts." The trial court found that PCS can base the breach of contract claim only on this final contract as "a basic tenet of contract law is that when the language of a contract is clear and unambiguous its meaning must be determined by an examination of the content of the contract itself." ***Chamberlin v. Chamberlin***, 693 A.2d 970, 972 (Pa. Super. 1997) (citation omitted).

occurrence that would establish venue in Lebanon County. *See* Appellant's Brief at 11 – 15. Pursuant to Pa.R.C.P. No. 1006,

> an action against an individual may be brought in and only in a county in which (1) the individual may be served or in which the cause of action arose or where a transaction or occurrence took place out of which the cause of action arose or in any other county authorized by law.

Pa.R.C.P. No. 1006(a).

It has been repeatedly held that "[t]he making of a contract, which takes place where the offer is accepted, undoubtedly constitutes a 'transaction or occurrence' sufficient to establish venue." *See Lucas Enterprises,* 417 A.2d at 721 (citation omitted). In *Lucas Enterprises*, this Court held that "in the absence of agreement to the contrary, [ ] payment is due at the plaintiff's residence or place of business, and venue is proper there in a breach of contract action alleging failure to make payment." *Id.* at 721 (citation omitted).

PCS is attempting to put the cart before the horse when it identified Yambor's failure to make payment as the purported breach of contract, rather than Yambor obtaining new employment. Following an evidentiary hearing, the trial court found that Yambor accepted the offer in York County, primarily worked in York County, received her paycheck in York County, and the purported breach of contract occurred in York County. *See Searles v. Estrada*, 856 A.2d 85, 88 (Pa. Super. 2004) ("The trial court's determination depends on the facts and circumstances of each case and will not be disturbed if the trial court's decision is reasonable in light of those

- 6 -

facts."). It is abundantly clear that venue would have been proper in York County. The only question that remains is whether Yambor's decision not to elect the buy-out option constitutes a transaction or occurrence that would establish venue in Lebanon County.

The trial court's finding that venue was improper in Lebanon County was manifestly reasonable when it determined that the purported breach of contract occurred in York County. A breach of a non-compete clause occurs when a former employee obtains new employment that violates a term of the non-compete agreement. The buy-out provision provides for liquidated damages conditioned on a breach of the non-compete clause.

If the buy-out provision was selected by Yambor, there could be no breach; therefore, a breach of the non-compete clause must occur before the buy-out provision can be addressed. A breach of the non-compete would constitute a transaction to establish venue under Rule 1006; the failure to make payment of damages would not. Therefore, PCS's only claim is for breach of the non-compete clause. If this Court were to accept PCS's argument, it follows that venue would be proper at the employer's principal place of business for any employment contract containing a non-compete clause with a liquidated damages provision.[3] "If there exists any proper

_____

[3] While venue may be proper at the employer's principal place of business for other considerations, this argument, if accepted, would virtually ensure that any employee who works at a satellite office would be subject to venue
*(Footnote Continued Next Page)*

basis for the trial court's decision to transfer venue, the decision must stand." ***Zappala***, 909 A.2d at 1284 (citation omitted). PCS's first issue fails.

We next turn to PCS's second claim, which asserts that the trial court abused its discretion and/or committed legal error in sustaining preliminary objections on grounds of venue without proof that venue was improper and/or by effectively applying a *forum non conveniens* analysis.[4] This issue is intertwined with the first, in that PCS asserts that the trial court performed the incorrect analysis when it sustained the preliminary objections. As discussed above, the court correctly performed an improper venue analysis; therefore, PCS's second issue fails.

The third issue raised by PCS is that the trial court abused its discretion and/or committed legal error by imposing costs pursuant to Rule 1006(e). As this Court has found the trial court did not err in transferring venue pursuant to Rule 1006(e), the rule is clear that costs are to be paid by the plaintiff, *i.e.*, PCS.

> If a preliminary objection to venue is sustained and there is a county of proper venue within the State the action shall not be dismissed but shall be transferred to the appropriate court of that county. **The costs and fees for**

*(Footnote Continued)* ─────────────

at the principal place of business, even if the employee has never had any contacts with such forum.

[4] A *foum non conveniens* analysis applies only if venue is already proper in the first instance. ***See*** Pa.R.C.P. No. 1008(d).

> **transfer and removal of the record shall be paid by the plaintiff**.

Pa.R.C.P. No. 1006(e) (emphasis added). Therefore, the trial court did not err in directing PCS to pay the costs and fees for transfer and removal of the record. PCS's third issue fails.

In conclusion, we find that the trial court did not abuse its discretion when it sustained Yambor's preliminary objections. Accordingly, we affirm the June 29, 2015 order transferring the matter to York County.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/17/2016