J-S84042-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| PISANCHYN LAW FIRM, LLC | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MATTHEW J. SCANLON, ESQ. AND | : | No. 1219 MDA 2017 |
| SCANLON & WOJTON, LLC | : | |

Appeal from the Order Entered July 10, 2017
In the Court of Common Pleas of Lackawanna County
Civil Division at No(s):  16 CV 3573

BEFORE:  SHOGAN, J., LAZARUS, J., and OTT, J.

MEMORANDUM BY OTT, J.:                    **FILED MAY 18, 2018**

Pisanchyn Law Firm, LLC (Pisanchyn) appeals from the July 10, 2017, order, entered in the Court of Common Pleas of Lackawanna County, sustaining the preliminary objections as to venue filed by Matthew J. Scanlon, Esq., and Scanlon & Wojton LLC (collectively, Scanlon), and transferring the case to the Court of Common Pleas of Allegheny County.  The sole issue raised in this appeal is stated by Pisanchyn, as follows:

> Whether the trial court committed an error of law or abused its discretion by failing to follow *Lucas Enterprises, Inc. v. Paul C. Harmon, Co.,* 417 A.2d 720 (Pa. Super. 1980) and *Scarlett v. Mason,* 89 A.3d 1290 (Pa. Super. 2014), when concluding that venue was improper in Lackawanna County under Pa.R.C.P. 1006 when the contract was taken by [Pisanchyn] while [Pisanchyn] was located in Lackawanna County and/or in the absence of an agreement to the contrary, payment was/is due at [Pisanchyn's] princip[al] place of business, which is located in Lackawanna County.

Pisanchyn's Brief at 3.  Based upon the following, we affirm.

By way of background, Pisanchyn is a Professional Limited Liability Company with its registered office and principal place of business located in Scranton, Lackawanna County. *See* Complaint, 9/6/2016, at ¶1. Matthew J. Scanlon, Esq., is a partner of Scanlon & Wojton LLC, which has its registered office and principal place of business located in Pittsburgh, Allegheny County. *See id.* at ¶¶2-3.

The trial court has aptly summarized the factual background of this case, as follows:

> [Pisanchyn] was approached by Frank Repchick, Kirmberle Repchick, and Sidney Warner, "the Repchicks," to represent them in a motor vehicle accidence occurring in Susquehanna County, Pennsylvania. The Repchicks signed a Contingent Fee Agreement for [Pisanchyn] to represent them regarding their personal injury and property damage claims. [Pisanchyn filed a Complaint in the Court of Common Pleas of Susquehanna County on behalf of the Repchicks and, thereafter, a Praecipe for Trial. Pisanchyn] claims that [Pisanchyn] provided substantial work on the Repchicks' case, incurring fees and expenses in excess of $4,000. Following the Complaint and a Praecipe for Trial on behalf of the Repchicks, [Scanlon] requested to file a Praecipe for Substitution of Counsel and assume handling the case in place of [Pisanchyn]. [On October 16, 2014, Pisanchyn] sent correspondence to [Scanlon] outlining the expenses [Pisanchyn] has paid on the case and its fee agreement, offering to file a time stamped copy of the substitution of counsel form, and "placing you [Scanlon] on notice of [Pisanchyn's] lien in regard to this matter in the amount of $39,238.67." In response, [Scanlon] sent the Praecipe for Substitution of Counsel. [Pisanchyn] filed the Praecipe for Substitution of Counsel, but claims it continued to offer [Scanlon] assistance in the case. [Scanlon] settled the Repchicks' case in August 2015, but to this date ha[s] not supplied any payment to [Pisanchyn]. …

Trial Court Opinion, 7/10/2017, at 2 (unnumbered).

On June 15, 2016, Pisanchyn filed a Praecipe for a Writ of Summons. Following a Rule to file a complaint, Pisanchyn filed a Complaint on September 6, 2016. Pisanchyn alleged, *inter alia*, that "[Scanlon] agreed to repay [Pisanchyn] for costs and expenses as well as an attorney fee concerning the Repchick[s'] case." Complaint, 9/6/2016, at ¶21. Pisanchyn further alleged "[Pisanchyn] accepted [Scanlon's] offer to accept the case while in the Scranton Lackawanna County office." *Id.* at ¶28. Scanlon filed Preliminary Objections to Pisanchyn's Complaint on September 26, 2016, raising (1) Improper Venue, (2) Failure of a Pleading to Conform to Law under Rule 1019(h), (3) Failure of a Pleading to Conform to Law under Rule 1019(i), and (4) Failure of a Pleading to Conform to Law under Rule 1020(a).

The trial court set forth the subsequent procedural history in its opinion as follows:

> We held oral argument ton [Scanlon's] Preliminary Objections on November 29, 2016. Following oral argument, we held a hearing on March 16, 2017 for a factual determination of whether "[Pisanchyn] accepted [Scanlon's] offer to accept the case while in the Scranton Lackawanna County Office" as alleged in the Complaint or whether "no one associated with or employed by Scanlon & Wojton has ever travelled to Lackawanna County for any reason whatsoever, business or personal" as alleged in [Scanlon's] Preliminary Objections of September 26, 2016. During the hearing, there was no dispute that [Scanlon was] not physically present in Lackawanna County at the time the alleged contract was formed, that [Scanlon] do[es] not frequent Lackawanna County, and that [Scanlon] do[es] not conduct business in Lackawanna County. Rather, [Pisanchyn] argues that, because [Pisanchyn] was located in Lackawanna County and [Pisanchyn's] understanding was that [Scanlon] must send a check to [Pisanchyn] at [Pisanchyn's] Scranton office, venue would be proper in Lackawanna County.

Trial Court Opinion, 7/10/2017, at 1-2 (unnumbered).

On July 10, 2017, the trial court sustained Scanlon's preliminary objections to venue and transferred this case to Allegheny County. This appeal followed.[1]

At the outset, we state our standard and scope of review:

> It is well established that a trial court's decision to transfer venue will not be disturbed absent an abuse of discretion. A Plaintiff's choice of forum is to be given great weight, and the burden is on the party challenging the choice to show it was improper. However, a plaintiff's choice of venue is not absolute or unassailable. Indeed, if there exists *any proper basis* for the trial court's decision to grant a petition to transfer venue, the decision must stand.
>
> The party seeking a change of venue bears the burden of proving such a change necessary.

***Wyszynski v. Greenwood Gaming & Entertainment, Inc.***, 160 A.3d 198, 200 (Pa. Super. 2017) (citations omitted).

The instant case involves an action against an individual and a corporation. In this regard, Pennsylvania Rules of Civil Procedure address venue, as follows. Pa.R.C.P. 1006, governing venue for an action against an individual, provides, in relevant part:

> (a) Except as otherwise provided by subdivisions (a.1), (b) and (c) of this rule, an action against an individual may be brought in and only in a county in which

---

[1] Pisanchyn timely complied with the order of the trial court to file a statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b).

(1) the individual may be served or in which the cause of action arose or where a transaction or occurrence took place out of which the cause of action arose or in any other county authorized by law, or ….

Pa.R.C.P. No. 1006

With respect to venue for actions against corporations, Rule 2179 provides:

(a) Except as otherwise provided by an Act of Assembly, by Rule 1006(a.1) or by subdivision (b) of this rule, a personal action against a corporation or similar entity may be brought in and only in

(1) the county where its registered office or principal place of business is located;

(2) a county where it regularly conducts business;

(3) the county where the cause of action arose;

(4) a county where a transaction or occurrence took place out of which the cause of action arose, or

(5) a county where the property or a part of the property which is the subject matter of the action is located provided that equitable relief is sought with respect to the property.

Pa.R.C.P. No. 2179(a).

As the trial court opined, there is no dispute that Scanlon's principal place of business and the county where it regularly conducts business is Allegheny County, and that Scanlon does not conduct business in Lackawanna County. Pisanchyn, however, contends that venue is proper in Lackawanna County for two reasons. First, Pisanchyn claims the transactions and occurrences in the formation of the contract occurred with Pisanchyn in Lackawanna County. *See Lucas Enterprises, Inc., supra,* 417 A.2d at 721

- 5 -

("The making of a contract, which takes place where the offer is accepted, undoubtedly constitutes a 'transaction or occurrence' sufficient to establish venue.")  Second, Pisanchyn asserts that in the absence of an agreement to the contrary, payment is/was due at Pisanchyn's principal place of business, which is located in Lackawanna County.  **See Scarlett, supra,** 89 A.3d at 1292, *citing* **Lucas Enterprises, Inc.,** 417 A.2d at 721 ("[T]he rule is universal in the absence of agreement to the contrary, that payment is due at the plaintiff's residence or place of business, and venue is proper there in a breach of contract action alleging failure to make payment.").

In its brief, Pisanchyn claims that venue is proper in Lackawanna County because that is where the offer was accepted, and in support cites the testimony of its employee, Douglas Yazinski, Esquire, presented at the factual hearing on March 16 2017.  **See** Pisanchyn's Brief at 14-15.  Mr. Yazinski testified that while he was located in Pisanchyn's primary place of business in Scranton, Lackawanna County, he received a telephone call from Scanlon and there was an "oral agreement," whereby Scanlon "offer[ed]" to "honor the fee agreement … as part of that [Pisanchyn] would give any advice … as far as the local rules, things like that …".  N.T., 3/16/2017 at 30, 35.  **See also id.** at 21-22.  Mr. Yazinski admitted he did not have any written proof other than the October 16, 2014, letter, which, we note, put Scanlon on notice of Pisanchyn's lien and did not mention an agreement.  **Id.** at 32-33.

Scanlon, for his part, vigorously disputed Yazinski's testimony, testified "[i]t was never a referral type of thing," and maintained "we had no agreement with [Pisanchyn]." N.T. 3/16/2017, at 13, 15. **See also id.** at 46.

Having considered the allegations set forth in the complaint and the testimony presented at the evidentiary hearing, the trial court found merit in Scanlon's position that venue was not proper in Lackawanna County, stating:

> The action in this case is against an individual Defendant, Matthew Scanlon, Esq., and a corporation, Scanlon & Wojton, LLC. Mr. Scanlon was not served in Lackawanna County. Br. in Supp. 5. Following our factual hearing, we are left with no question in this case that Defendant Scanlon could not have been served in Lackawanna County, as he was not present in Lackawanna County at any time prior to the hearing.
>
> The principal place of business and offices of [Scanlon] are located in Pittsburgh, Allegheny County, PA. Comp. ¶¶2-3. [Pisanchyn] provided nothing to support a finding that [Scanlon] ha[s] any business dealings, offices, property, or other contact with Lackawanna County, Pennsylvania, and the testimony from Matthew Scanlon, Esq. and Timothy Wojton, Esq. demonstrate[s] that [Scanlon has] no contacts with Lackawanna County. If [Scanlon is] in possession of a sum of money belonging to [Pisanchyn] as suggested by [Pisanchyn], that sum of money would be situated in Allegheny County, where [Scanlon's] office and bank are located. [Scanlon] argue[s] that the fee on the Repchicks' case was "ultimately handled, deposited and managed" in Allegheny County. P.O.s ¶12.
>
> The question, therefore, becomes whether Lackawanna County is a place where a transaction or occurrence took place. According to [Pisanchyn], [Scanlon] "contacted the Plaintiff, Pisanchyn Law Firm, LLC, in the Scranton office . . . [and] made an offer to accept the case." Comp. ¶27. [Pisanchyn] alleges that "Plaintiff accepted Defendants['] offer to accept the case while in the Scranton[,] Lackawanna County office." Comp. ¶28. While [Pisanchyn] may have been present in Lackawanna County, it is clear that at no point [was Scanlon] present in Lackawanna County. [Pisanchyn] "specifically denied that said decision [to breach an agreement],

action or breach could have only occurred where Defendant Matthew J. Scanlon, Esq. was physically situated and where said fee was ultimately handled, deposited and managed." Ans. to P.O.s ¶12.

[Pisanchyn's] office is located in Scranton, Lackawanna County, Pennsylvania.[1] The allegations within the complaint suggest that

_____

[1] Plaintiff maintains an office in Allegheny County and advertises within Allegheny County. However, this office was not in existence at the time this claim arose, according to the testimony.

_____

the alleged agreement could have taken place while the parties were located in two different counties, as the complaint merely specifies that correspondence was received, which could have been via facsimile, telephone conversation, and/or e-mail correspondence. [Scanlon] corresponded at least on one occasion via by (sic) first class mail. Comp. ¶13. The complaint, however, fails to specify whether the alleged agreement was written, oral, or a combination of both, and fails to explain when precisely the agreement took place. Without [Pisanchyn] specifying which correspondences occurred at what time and where, it would be difficult to declare that venue is proper in Lackawanna County, when [Scanlon] w[as] never physically present in Lackawanna County and we cannot determine the type of correspondence, date of correspondence, and location of each of the parties when a correspondence occurred. We acknowledge that "[t]he making of a contract, which takes place where the [offer] is accepted, undoubtedly constitutes a 'transaction or occurrence' sufficient to establish venue." ***Lucas Enterprises, Inc. v. Paul C. Harman Co.***, 417 A.2d 720, 721 (Pa. Super. 1980) (citing ***Craig v. W.J. Thiele & Sons, Inc.***, 149 A.2d 35, 36-37 (1959)). However, the place where the offer was accepted in this case would appear to be Allegheny County, where [Scanlon was] located when they allegedly accepted the offer.

[Pisanchyn] argues that venue is proper in Lackawanna County, as [Pisanchyn] takes the position that any fee to be collected by [Pisanchyn] would have been collected in Lackawanna County, as that is where [Pisanchyn's] office was located. Pennsylvania has adopted the rule that "in the absence of agreement to the contrary, that payment is due at the plaintiff's residence or place

- 8 -

of business, and venue is proper there in a breach of contract action alleging failure to make payment." *Lucas Enterprises, Inc. v. Paul C. Harman Co.*, 417 A.2d 720, 721-722 (Pa. Super. 1980). This rule concerning the place for payment comes into play in a breach of contract case not only when the place where the parties formed the contract is unknown, but also in any case where the specific location of payment was not included in the agreement. *Scarlet v. Mason*, 89 A.3d 1290, 1293-94 (2014).

[Scanlon] distinguished *Lucas Enterprises, Inc. v. Paul C. Harman Co*., and its progeny of cases by arguing that there is a different factual scenario in those cases, considering there was a prima facie breach of contract in those cases. We agree. Here, not only is there no *prima facie* breach, but there is a dispute between the parties regarding the formation/existence of a contract. Therefore, we find that venue would be improper in Lackawanna County based on the allegations contained within the Complaint

We find that venue properly lies in Allegheny County, and this case shall be transferred to the Court of Common Pleas of Allegheny County. In light of our decision to transfer this case to Allegheny County, we do not decide the remaining Preliminary Objections.

Trial Court Opinion, 7/10/2017, at 4-6 (unnumbered).

Based on our review, we conclude that here, because there is no clear evidence of a written or oral agreement, or a specific claim of quantum meruit, the trial court properly determined venue was proper in Allegheny County.

Pisanchyn's Complaint avers that in response to Scanlon's correspondence "in which he indicated he would like to file a Praecipe for Substitution of Counsel and assume the further handling of the Repchicks' case," Pisanchyn sent Scanlon a facsimile, notifying him of Pisanchyn's lien in the Repchick matter, for expenses and attorney fees. Complaint, ¶11. **See also id.** at 12. Pisanchyn's facsimile and other correspondence and

documents attached to the Complaint do not reflect any written agreement between the parties.

Furthermore, while Pisanchyn alleges in Paragraph 29 of its Complaint that Scanlon made an "offer" to accept the case from Pisanchyn, the uncontradicted testimony from the hearing held on March 16, 2017 was that the Repchicks solicited Scanlon to represent them. N.T. 3/16/2017, at 6-7. This case was not a referral from Pisanchyn to Scanlon. Therefore, assuming *arguendo* that there was an agreement, the trial court properly reasoned, "the place where the offer was accepted in this case would appear to be Allegheny County, where Defendants were located when they allegedly accepted the offer." Trial Court Opinion, 7/10/2017, at 5 (unnumbered).

Nor do we find the trial court erred in finding the cases of **Lucas Enterprises** and **Scarlett, supra**, distinguishable. Those cases dealt with actions alleging breach of contract based upon a failure to pay in accordance with a contract, and held: "[I]n the absence of an agreement to the contrary, payment is due at the plaintiff's residence or place of business, and venue is proper there in a breach of contract action alleging failure to make payment." **See Scarlett, supra,** 89 A.3d at 1292, *citing* **Lucas Enterprises, Inc., supra,** 417 A.2d at 721. On this record, we agree with the trial court's analysis that **Lucas Enterprises** and **Scarlett** address a different factual scenario where there was a prima facie breach of contract in those cases. Here, as discussed, there is no clear evidence of the existence/formation of a contract.

Based upon the foregoing, we find there is no basis upon which to disturb the trial court's determination that venue is improper in Lackawanna County and the case should be transferred to Allegheny County. ***See*** Pa.R.C.P. 1006(a) and 2179(a)(1)-(4).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/18/18